### P. M. GARRETT v. H. J. MULLER & Co.

M., the managing partner of the firm of M. & Co., instituted suit in his own name on an open account due the firm.   Subsequently he amended his petition by merely setting out the names of the other partners of the firm, and alleging that he had entire control of the firm business.   More than two years had elapsed between the accrual of the cause of action and the filing of the amended petition.   Defendant, treating the amended petition as setting up a new cause of action, pleaded the statute of limitations.   *Held*, not necessary to have joined the dormant partners as plaintiffs in the action, and, as the original petition was filed within two years after the accrual of the cause of action, the plea of limitation was unavailable.

APPEAL from Colorado.   Tried below before the Hon. Livingston Lindsay.

The head-note and opinion of the court sufficiently indicate the facts of the case.

*Wells Thompson*, for the appellant

*F. Barnard*, for the appellees.   The amended petition, making Charles W. and John E. Russell parties plaintiffs, did not change the character of the suit, or in effect constitute a new suit upon the original cause of action. (See Williams *v.* Bradbury, 9 Texas, 487.)   Charles W. and John E. Russell, being dormant partners in the mercantile firm of Henry J. Muller & Co., were not necessary parties to the suit.   (See Jackson *v.* Alexander, 8 Texas, 109.)   The petition and amended petition allege that the entire management and control of the business of said firm was carried on by

the plaintiff, Henry J. Muller, and the testimony of L. M. Newsome proves that he was the only party to the contract sued on, or from whom the goods were purchased. An amendment making parties plaintiffs who were not necessary parties to the suit, could not change the suit into a new one, or bring the cause of action within the operation of the statute of limitations.

OGDEN, J. Henry J. Muller instituted this suit in the firm name of H. J. Muller & Co., but failed to set out the name of any member of the firm, other than his own. There was a judgment for the plaintiff, but upon motion by defendant a new trial was awarded. The plaintiff then amended his pleadings, setting out the names of the two other members of the firm, but claims in effect that they were dormant partners of the firm of H. J. Muller & Co., and that he had the entire control and management of the business. This was a mercantile firm, doing business in the city of New Orleans. There was another trial and judgment for the plaintiff, and the defendant has appealed.

The most material question presented in this record is, are dormant partners of a mercantile or commercial firm, necessary parties to suits brought by that firm? This question was carefully considered, under the light of all the authorities, in the case of Speak v. Prewitt, 6 Texas, 256, and in the case of Jackson v. Alexander, 8 Texas, 112, the latter being a case quite parallel to the one at bar, in which it was held to be "well settled that a dormant partner, not privy to the contract, "need not be joined with the ostensible contracting party, in "actions like the present," and we think we are fully authorized in applying that doctrine to this case. The authorities referred to in appellant's brief are not applicable to the facts of this case. The appellees were a commercial firm, composed of one ostensible, active, and managing and controlling member, Henry J. Muller, and two silent or dormant partners, who may have known nothing of the business of the firm, particularly with appellant; and the doctrine of dormant partners would seem to apply with peculiar fitness to this case. This

view of the law must dispose of the exceptions to the petition filed in the lower court, as well as the plea of the statute of limitations.    This action was originally instituted before the bar of the statute was complete, and the amendment setting out the names of the dormant partners in no way affected the character or force of the action.    There being no error in the judgment of the District Court, it is affirmed.

Affirmed.