### C. E. FLEMING ET AL. v. J. M. PRINGLE ET AL.

Decided May 4, 1899.

**1. Parties—Actions—Garnishment.**

The pendency of a separate garnishment suit against the defendant for the fund involved is immaterial where, by interpleader, all the parties to the garnishment suit are brought into the suit at bar, and their pleadings raise all the issues involved in the garnishment.

**2. Pleading and Charge—Issue Not Raised.**

An issue raised by the evidence should not be submitted to the jury when there is nothing in the pleading to support it.

**3. Garnishment—Damages for Breach of Warranty as Supporting.**

Damages for breach of warranty of the title to lands are sufficiently certain to support attachment and garnishment.

**4. Same—Variance—Alleging Consideration.**

Where a warranty deed states its consideration to be other land, but in an action on the warranty, aided by garnishment, plaintiff alleges it to be lawful money, and by interpleader he is brought into another action between defendant's assignee and the garnishee, his allegation in the latter action of the true consideration sufficiently amended the averment to avoid a variance.

**5. Same—Petition and Writ Not Variant.**

A petition and writ in an action for breach of warranty supported by garnishment are not at variance where the petition avers liability for a certain sum at a certain per cent interest from a certain date, and the amount stated in the application for garnishment and in the writ was for "the principal and interest" of the alleged debt.

**6. Same—Amending Return of Writ.**

The officer should be permitted to amend his return to a writ of garnishment during the progress of the trial, when, by mistake, it did not appear that the garnishee was personally served, by making the return show that he was so served, when such was the fact and the garnishees had appeared and answered. Rev. Stats., arts. 224, 1239.

**7. Same—Costs—Pleading.**

Costs expended in another and different action by garnishment are not recoverable where they are not pleaded.

APPEAL from Galveston. Tried below before Hon. WILLIAM H. STEWART.

*Jas. B. & Chas. J. Stubbs,* for appellants.

*M. L. Stewart* and *J. W. Campbell,* for appellee.

GARRETT, CHIEF JUSTICE.—The appellee J. M. Pringle, as assignee of A. M. Pringle, brought this action against A. H. Casteel and his wife,

Mary J. Casteel, for the recovery of a certain sum of money which it was alleged the said A. H. Casteel had promised to pay A. M. Pringle. Casteel and his wife answered that they had been served with writs of garnishment at the suit of C. E. Fleming and J. C. McBride, and asked that Fleming and McBride, as well as A. M. Pringle, be made parties to the suit. Fleming and McBride both appeared and answered and prayed judgment for the amount of their respective claims against Casteel and wife. No answer was filed by A. M. Pringle, and it does not appear that he was ever served with process except by a recital in the judgment to that effect, and that he had made default.

The facts adduced at the trial below show that Casteel was the owner and holder of two vendor's lien notes against two tracts of land of 320 acres each with deed of trust for the enforcement of the payment of the notes. These tracts of land known as the Robert Hoppel and A. H. Jackson surveys were situated in Galveston County, and had been sold in a body to one Dennis, whose notes for the unpaid purchase money had been transferred to Casteel. Dennis conveyed the land subject to the purchase money notes, to A. M. Pringle, who assumed the payment of the notes and afterwards conveyed the Jackson survey to his sons C. R and H. H. Pringle, and the Hoppel survey to C. E. Fleming through a mesne conveyance. Fleming undertook to pay in part consideration of the conveyance about one-half of the purchase money outstanding against both tracts of land, which had been assumed by A. M. Pringle. When Casteel was about to foreclose his deed of trust A. M. Pringle procured an agreement from him that if he became the purchaser thereof within a stipulated time, Casteel would convey the land to such purchaser and pay to A. M. Pringle the surplus of the purchase money over the amount of his debt, interest, and an agreed amount to cover expenses. Pringle procured one Bush to purchase the land at $10 per acre, which left a surplus of about $2300. This money Casteel deposited to the credit of his wife with Adoue & Lobit, bankers. James Fleming, the father of the appellant C. E. Fleming, who is a feme sole, testified that A. M. Pringle made the agreement with Casteel with his knowledge and assent, acting for his daughter, and promised to share the surplus proceeds received from Casteel equally with her.

A. M. Pringle, by another conveyance and in an entirely separate transaction, conveyed to the said C. E. Fleming another tract of 100 acres of land in consideration of property then conveyed to him of the value of $2500, by a deed in which he warranted the title to the land conveyed. It turned out that C. E. Fleming lost and was ousted of this land by reason of an incumbrance placed thereon by A. M. Pringle before his conveyance to C. E. Fleming, and there was a breach of Pringle's warranty.

The money which Casteel had promised to pay to Pringle came into his hands April 8, 1897. On March 30, 1897, the appellant C. E. Fleming filed suit in the District Court of Galveston County against A. M. Pringle for damages for breach of warranty of title to the 100 acres tract

of land, and applied for a writ of garnishment against the said A. H. Casteel. A writ was issued April 19, 1897, and placed in the hands of the sheriff, and by that officer returned with the following indorsement: "Received this writ on the 19th day of April, 1897, at 11:30 o'clock a. m., and executed the same on the 19th day of April, 1897, at 11:40 o'clock a. m. by serving a true copy thereof upon the within named A. H. Casteel, garnishee, in person, in the county of Galveston, Texas." (Signed) "Henry Thomas, sheriff Galveston County, Texas, by John A. Kirlicks, deputy." To this writ Casteel answered denying any liability to A. M. Pringle. Another writ was applied for against A. H. Casteel and Mary J. Casteel, on September 25, 1897, and was issued on October 16, 1897, and returned by the sheriff with an indorsement as to service on Mary J. Casteel in the same form as above recited. J. C. McBride also brought suit against A. M. Pringle in a justice court for $150 and garnished the said Casteel. The suit of C. E. Fleming v. A. M. Pringle, A. H. Casteel, and Mary J. Casteel, garnishees, was pending in the District Court of Galveston County undisposed of when this case was tried below. McBride had obtained judgment before the justice of the peace for his debt and costs, but the garnishment was pending.

A. M. Pringle made the assignment of the money held by A. H. Casteel for him, to J. M. Pringle, on the 9th day of July, 1897.

Upon the trial below the court directed the jury to return a verdict in favor of J. C. McBride for $150, but against C. E. Fleming, and in favor of J. M. Pringle against A. H. Casteel and his wife, Mary J. Casteel, for the balance of the fund, and judgment was entered accordingly.

While the garnishment suits of Fleming and McBride against A. M. Pringle were not consolidated with the suit of J. M. Pringle against A. H. Casteel and wife, yet all of the parties were before the court, the said Fleming and McBride having been brought in upon the interpleader of Casteel and wife, and the pleadings of Casteel and wife and of Fleming and McBride having brought all of the issues into this suit, they could be properly determined herein. It would not be proper to try this suit and shut off C. E. Fleming from resort to the fund garnished by her, because her suit against A. M. Pringle with Casteel as garnishee was still pending and undisposed of. All of the cases and issues were therefore tried in one suit and will be so treated.

The right of the appellant C. E. Fleming to one-half the money in the hands of Casteel was based in the evidence upon the promise of A. M. Pringle to her father, James Fleming, to pay one-half of the surplus. While the evidence tended to show such a promise, there was nothing in the pleading to support it, and consequently there could be no issue in that respect to submit to the jury. We are of the opinion, however, that the attitude of the parties with relation to the land and the incumbrance thereon, as shown by the evidence, would be sufficient to support such a promise. We do not think that the allegations of the petition are full enough to disclose such a trust relation between A. M. Pringle and C. E. Fleming as would hold him as trustee for her for any part of the surplus

proceeds of the sale of the land independent of the promise sought to be shown by the testimony of James Fleming.

Writs of garnishment were served upon A. H. Casteel prior to the assignment of the claim by A. M. Pringle to the plaintiff. If these were valid writs, they would be sufficient to charge the garnishee as against the assignment. A. H. Casteel was indebted to A. M. Pringle, and it could make no difference where he deposited or what disposition he made of the money. So the fact that Mary J. Casteel was not garnished until after the execution of the assignment can not affect any question here involved. She owed Pringle nothing and was no more liable to him than were Adoue & Lobit, with whom the money had been deposited.

Some question is made about a variance between the pleading in the suit of Fleming against Pringle on the breach of warranty and the evidence, it having been alleged in the petition that the purchase money was paid in "lawful money of the United States," but the answer and cross-bill of C. E. Fleming in this suit amends that averment so that there is no variance. Damages for breach of warranty are sufficiently certain to support attachment and garnishment. The rule for ascertaining such damages is a recovery of the purchase money and interest from the time of the ouster. Bank v. Fuchs, 89 Texas, 197; Hochstadler v. Sam, 73 Texas, 315; Stiff v. Fisher, 2 Texas Civ. App., 346; 3 Am. and Eng. Enc. of Law, p. 188, note 4. The rules of law applicable to a recovery upon a breach of the contract of warranty of title to land render the amount thereof ascertainable with certainty. There was no variance between the petition and the writ. The petition averred a liability for $2500, with 6 per cent interest from February 21, 1896, and the amount stated in the application for garnishment and the writ was for the principal and interest. The evidence showed that C. E. Fleming paid for the land property of the value of $2500, and this was supported by the pleading.

A. M. Pringle does not appear to have been served with process in the original suit, in which it was alleged that he was a transient person temporarily to be found in Galveston County. But in this suit, while no answer was filed by him and there is no citation in the record and return to show service on him, and the answer of Casteel making him a party alleges that he is a transient or nonresident person, the judgment recites that "though personally served with citation herein, came not but wholly made default." If he was before the court it was proper to try the question between him and C. E. Fleming of his liability on his warranty to her in order that it might be determined whether or not she was entitled to money in the hands of Casteel by reason of the garnishment, notwithstanding the fact that he had not been served in the original suit.

The court erred in not permitting the return of the officer upon the writs of garnishment to be amended. Any mistake or informality in a return may be corrected by the officer at any time under the direction of the court. 1 Sayles' Rev. Stats., art. 224 and 1239, and authorities cited. In refusing leave to amend, the court held that the request came too late.

It was made during the progress of the trial, and the garnishee having answered and being personally before the court, leave should have been granted. After judgment by default no amendment will be allowed without an opportunity to answer, because the defendant is entitled to a proper service of the writ before being required to answer. While judgment against a garnishee can not be supported without proper service of the writ, although he may personally appear and answer, and the return should show proper service, yet if in fact he was properly served and has appeared there is no reason for not allowing the amendment of the return to show that he was in fact properly served. See also 1 Batts' Rev. Stats., art. 1239, and notes.

J. C. McBride should have had judgment for the interest on the $150, but should not have recovered the $25 costs expended by him in his garnishment suit, for the reason that he did not ask for it in his pleading. Judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

In his motion for a rehearing counsel for Casteel complains that from the language of the court in the opinion it might be presumed that Casteel was wanting in "truth, fairness, and honesty" with respect to the money in controversy. We think not. In the opinion it was inadvertently stated that he answered the writ of garnishment served upon him at the suit of Fleming, April 19, 1897, "denying liability." There also appears in the record what purports to be an alias writ issued April 12, 1897, which goes to show that a writ issued prior to that time, but no such writ is contained in the record. Casteel received the money April 8, 1897. His answer is not set out; so it may be true as stated by counsel that Casteel had not received the money when he answered the first writ, and that on controversion of this answer he answered further on April 9th, after he received the money, all the facts with regard thereto. There is no disposition on the part of the court to put Casteel in an improper attitude with respect to the fund, and the correction is made that the record does not support the statement that he "answered denying any liability to Pringle." There is nothing in the record to impeach Casteel's impartiality as a stakeholder.

*Overruled.*

Writ of error refused.