## DAVID G. BALDWIN v. CHARLES POLTI.

### Decided March 27, 1907.

**1.—Agency—Pleading.**

Allegations that certain acts were done by the defendant will admit proof that said acts were done by the agent of defendant.

**2.—Same—Building Contract—Evidence.**

Where a building contract reserves the right in the owner to make any changes in the plans which the architect may direct, and provides that the cost of the changes shall be added to or deducted from the contract price, as the case may be, and changes are made by the architect which increase the

contract price, the owner is liable for the reasonable value of the extra work and material involved.

Appeal from the District Court of El Paso County. Tried below before Hon. J. M. Goggin.

*A. G. Wilcox,* for appellant.

*R. V. Bowden,* for appellee.

NEILL, Associate Justice.—This suit was brought by Charles Polti against David G. Baldwin to recover $1,371.70, with interest thereon from the 8th of April, 1905, alleged to be a balance due for work done by the plaintiff on a certain building of the defendant, and to foreclose a mechanic's lien on it and the lots upon which it is located.

The substance of plaintiff's allegations is, that on February 1, 1904, he entered into a written contract with defendant to do certain stone work on the east and south walls of the building, etc., specified in the contract, for which he was to be paid by defendant a sum not to exceed, in any event, $7,885; that shortly after the contract was made it was modified by an oral agreement between the parties, whereby it was agreed that for doing the labor and furnishing the material stipulated in the written contract plaintiff should receive the sum of $7,685. That plaintiff fully performed his part of the contract, and defendant became indebted to him, according to its terms in the sum of $7,685. That during the construction of the building under the contract as modified by the oral agreement, defendant made certain changes in the plans and specifications, adding a large amount of ruble and cut-stone work, making changes in the arches on the first floor, and various other changes shown by an exhibit attached to and made a part of plaintiff's petition; that such changes required extra work, which was done by plaintiff at the special instance and request of defendant, for which plaintiff is entitled to payment, over and above the original contract price ($7,685), of its reasonable value, which he alleges is, as shown by the various items appearing in the exhibit attached to his petition, $2,051.45. That he has been paid on the contract $8,364.75, and there is still due him for extra work done the sum of $1,371.07, for which he prayed judgment.

The defendant answered by a general denial and specially pleaded, that the original written contract was, as alleged by the plaintiff, changed and modified; but that it was understood and agreed between the parties that no additional price should be charged upon the extra openings added to the original plans and specifications of the building, nor any extra charge for any extra work in increasing the thickness of the walls from that originally designed as shown from the plans and specifications of the building, and that, it was agreed when such work was done that the sum of $7,685 should include the consideration for all such extra work as might be done by reason of the necessity of creating the extra openings and increasing the thickness of the walls of the building, such modifications being fully understood by the parties when they orally changed the original contract. Defendant also pleaded in reconvention that certain work on a part of the building was not in accordance with

the contract and defective for that reason, and asked judgment for damages against plaintiff on proof of the matters so pleaded.

The trial of the case resulted in a verdict and judgment in favor of the plaintiff for $1,064.07 with interest at the rate of 6 percent per annum from January 1, 1906, amounting in the aggregate to $1,091.73, together with a foreclosure of his mechanic's and builder's lien on the building and lots upon which it is situated.

*Conclusions of Fact.*    It will be seen from our statement of the pleadings, that plaintiff's claim for extra work is $2,051.45; which, added to the sum to be paid according to contract, makes $9,736.45, which he should have been paid in all.    He was paid by the defendant $8,364.75, which, according to plaintiff's statement, would leave a balance due him of $1,371.70.    The defendant disputed several items in plaintiff's account which amount in the aggregate to $1,061.25.    This is in effect an admission by the defendant that he owes plaintiff $310.45 of the $1,371.70 claimed by him, and shows that the real contention between them is in regard to the $1,061.25 involved in the disputed items in plaintiff's account.

The solution of the matter in dispute depends upon whether the material and labor embraced in the several items were comprehended by the contract.    If they were, they could not have been deemed *extras;* and plaintiff, in receiving the amount of money agreed upon by the contract, was paid for them.    If, however, they were not contemplated by the contract, but were required by changes made in the plans and specifications of the building after the contract was entered into, then, they should be regarded as extras, and plaintiff would be entitled to recover their reasonable value.    There was evidence tending to support the latter theory, contended for by the plaintiff, and, in deference to the verdict, we find accordingly.

*Conclusions of Law.*    1.    As to the items in dispute, the court instructed the jury that if it believed from the evidence the work was not contemplated by the parties, in the oral agreement modifying the original contract and did not come within its terms, but if it believed from a preponderance of the evidence that any or all of said work was done by Polti outside of the oral contract, and was done at the special instance and request of Baldwin or his superintendent, Stewart, as extra, to find for plaintiff as to such items, if any, as the jury believed from a preponderance of the evidence was done outside of said contract as extra at the special instance and request of Baldwin or his superintendent; and to find against plaintiff as to all such items, if any, as it believed from the evidence fell within the provisions and terms of the oral contract, or said original contract as modified by the oral agreement.

This portion of the charge is objected to by the first assignment of error because there were no allegations in plaintiff's pleadings of the agency of Stewart as superintendent of the defendant, or that he was vested with authority to authorize changes or contract for extra work to be done upon the building, such issue being only raised by the evidence.

It will be observed that it is not questioned that Stewart was defendant's superintendent and agent in the construction of the building, or that he was vested as such agent with authority to authorize changes and contract for the extra work; but the objection goes to the pleadings and

not to the evidence, which is admitted by the assignment as tending to show such agency and authority.

It is a general rule, that the act of an agent is the act of his principal; which is expressed in the maxim, *qui facit per alium, facit per se.* And as there was no question as to Stewart's agency and authority, proof of his doings within the scope of his agency, supports the allegation that they were the acts of the defendant. Therefore, the charge is not obnoxious to the objection raised by the assignment.

2. The second assignment of error is as follows: "The court erred in said charge in instructing the jury that they should find for plaintiff Polti as to all such items of work as were done at the request of Baldwin or his superintendent, Stewart, as it does not appear from the pleadings or the evidence that said Stewart was authorized to change the plans or cause to be constructed such extras as were alleged to have been so constructed by Polti as extras to said house, for the reason that said charge instructed the jury they should find for such item or items whether the same were constructed with or without the knowledge and consent of said Baldwin and the jury were thereby instructed that any extras made whether they were made with or without the consent of said Baldwin would be proper charges against him if they were directed to be made by said Stewart."

There are no propositions asserted in appellant's brief under the assignment. And, as it involves two separate and distinct propositions (one raising a question of pleading and the other of evidence), we do not think it is entitled under the rules of this court to consideration. But as the first question it involves has been decided in disposing of the preceding assignment, we may say as to the second, that the original contract reserves the right to make any changes in the plans which the architect may direct, and provides that the cost of the changes when determined are to be added to or deducted from the contract price, and that it is undisputed that Stewart was substituted for the original architect and that the changes which called for the extra work and material, as shown by the disputed items, were directed by him while acting as such as defendant's agent in superintending the work done by plaintiff on the building. This answers the second question presented by the assignment, if an answer should be deemed required.

3. The court gave this supplemental charge to the jury: "You are instructed in connection with the main charge that if you believe from the evidence that the said five arches claimed by plaintiff as extras were included in the modified contract entered into by and between plaintiff and defendant during the month of May, 1904, and that they were embraced in the changed plans of said building as made by Mr. Stewart, superintendent, and that plaintiff agreed to do the work under said plans and in accordance with the details thereof, and that he fully understood he was to do such work in accordance with said plans, then you are instructed if you believe from the evidence that said five arches were in contemplation of plaintiff and defendant when they made and entered into said modified contract and were embraced therein, then plaintiff would not be entitled to recover therefor and you will find nothing for him as to said items so charged as extras in his said account."

The use of the words, "fully understood," as they appear in it, is objected to by the third assignment of error, for the reason that if the articles referred to were embraced by the modified contract, it would make no difference whether Polti "fully understood" the plans or not. The words so used relate to the work and not to the plans. The question presented was, was it fully understood by plaintiff he was to do such work according to the plans, and not whether he fully understood the plans. The supplemental charge contains a proposition of law, applicable to the case made by the pleadings and evidence, and required a verdict for defendant upon the finding of the facts presented. It discloses no affirmative error; and if defendant deemed it was not favorable enough to him, he should have prepared and requested such a special charge as he thought himself entitled to upon the subject. This disposes of the fourth assignment as well, which is also directed to the supplemental charge.

4. The special charge of defendant, the refusal of which is the basis of the fifth assignment of error, is upon the weight of the evidence and was properly refused.

5. Our conclusions of fact dispose of the sixth assignment of error, which complains that the verdict is contrary to the evidence and charge of the court and is excessive, adversely to appellant.

There is no error assigned requiring a reversal of the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.