EARLY-FOSTER CO. v. MACKAY TELEGRAPH CO. (No. 5926.)

(Court of Civil Appeals of Texas. Austin. May 8, 1918.)

1. EVIDENCE ⬦174(2)—BOOKS OF ACCOUNT —LEDGERS—BOOKS OF ORIGINAL ENTRY.

A ledger account for sending and receiving telegrams, made up from the telegrams themselves, and in which for the first time are entered the amount of the charges, *held* admissible as book of original entry, notwithstanding a counter blotter in which was made a partial record of telegrams.

2. TELEGRAPHS AND TELEPHONES ⬦33(½) —ACTION FOR CHARGES—PLEADING AND EVIDENCE.

The proof in action for transmitting telegrams being that the charges were the usual and customary rates, recovery must be regarded as had on a quantum meruit; and it is immaterial that plaintiff, pleading it was under

Interstate Commerce Commission's jurisdiction, and charges based on its order, but at trial waiving this contention, did not prove charges were based on Commission's order and filed in office.

**3. TELEGRAPHS AND TELEPHONES  &copy;=>66(1)— ERROR IN TRANSMISSION—DAMAGES—PROOF.**

Though price at which agent was authorized to sell was less in telegram, as transmitted than in message filed, it is necessary, for recovery from company, to prove the value of goods exceeded the amount realized from agent's sale.

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Action by the Mackay Telegraph Company against the Early-Foster Company. From a judgment for plaintiff, on appeal from a justice, defendant appeals. Affirmed.

Nat Harris and Allan D. Sanford, both of Waco, for appellant. Edgar & Chas. Witt, of Waco, for appellee.

RICE, J. This suit was brought by the Telegraph Company against the Early-Foster Company to recover a balance on open account, amounting to $191.73, for services rendered them in sending and receiving over its lines certain telegrams during the months of January and February, 1914. Early-Foster Company pleaded a general denial, and in addition a cross-action, wherein they claimed to have been damaged by reason of appellee's mistake in the transmission of a message from them to their broker in Chicago, authorizing him to sell Brazos linters at 3⅛ cents per pound, which message, on account of appellee's negligence, was construed by the broker to mean 3 cents per pound, thereby causing him to sell 300 bales of linters at 3 cents instead of 3⅛ cents resulting in a loss of $191.70. There was a judgment in the justice court, denying the right of either party to recover, from which judgment appellee appealed to the county court, where, on a trial de novo before the court without a jury, judgment was rendered for the Telegraph Company on its cause of action for $191.73, but denying appellants the right to recover on their cross-action, from which judgment appellants have prosecuted this appeal.

[1] During the trial, appellee, over appellants' objection, was allowed to introduce in evidence a duplicate copy of the account sued on; the objection being that it did not come from the book of original entry, claiming that each and every item of said account was first recorded in the counter blotter, which was kept by persons other than the bookkeeper, and its absence was not accounted for. It is true that a counter blotter, consisting of loose leaves, was kept, in which a partial record of the telegrams was made; but it is shown from the record that the ledger account from which the statement was taken was made up by the bookkeeper from the telegrams themselves, and not from the counter blotter, and that the counter blotter did not contain the amount of charges, as shown by the court's explanation to appellants' bill of exception, which were for the first time entered on the statement introduced in evidence. It is true that the counter blotter was a part of this system of bookkeeping, but this alone did not constitute it a book of original entry. It also appears from the testimony that copies of this statement prior thereto, had been sent to appellants, and they made no objection to its correctness. For which reasons, we overrule the first assignment of error.

[2] While it is true that appellee pleaded that it was under the jurisdiction of the Interstate Commerce Commission, and the rates charged based upon its order, still, its failure to prove that such charges were authorized by the Commission and filed in the office at Waco did not, in our judgment, constitute reversible error, because it appears from the evidence that appellee's attorney stated that he waived this contention, and the proof shows that the rates charged were the usual and customary rates for such service, and recovery must be regarded as had upon a quantum meruit. Besides this, there is no complaint on the part of appellants that the rates charged were excessive. For which reasons, we overrule this assignment.

[3] By the third assignment it is urged that the court erred in finding against the appellants on their cross-action, because the undisputed evidence in the record shows that by reason of the negligence of appellee in transmitting the message delivered to it by appellants they were damaged in the sum of $191.73. We overrule this assignment, because there is no proof in the record showing, or tending to show, that the linters in question had any value in excess of the amount realized from the sale of same. The burden was upon appellants to show this before they were entitled to recover.

Believing that substantial justice has been reached, and no reversible error has been shown, judgment of the court is in all things affirmed.

Affirmed.