## FORTENBERRY v. WARREN BROS.
### (No. 11904.)

Court of Civil Appeals of Texas. Fort Worth.
Jan. 21, 1928.

1. **Reformation of instruments** ⊕⇒36(2)—Supplemental petition stating note installments were, by agreement, payable on certain dates and dates previously stated were used by parties' mistake, held tantamount to pleading mutual mistake.

Where plaintiffs sued defendant on two notes, one being an installment note, setting forth dates of payment, and in supplemental petition they set out that dates of payment stated in installment note were wrong, in that parties had agreed installment payments should be made on dates as set forth in supplemental petition, *held*, that such allegations were tantamount to pleading that installments were payable on dates set forth in supplemental petition, and that dates used in original petition and on notes were used by parties' mutual mistake.

2. **Pleading** ⊕⇒237(3)—Permitting petition amendments at trial to conform to evidence held not error, where continuance not asked nor surprise claimed (Rev. St. 1925, art. 2001).

Under Rev. St. 1925, art. 2001, in suit on notes, permitting amendments of petition to be made at trial relative to dates of installment payments of one note, so that pleading would conform to evidence, *held* not error, where defendants made no claim of surprise and did not ask for continuance.

Appeal from District Court, Knox County; J. H. Milam, Judge.

Action by Warren Bros. against Mrs. Carry Fortenberry. From the judgment, defendant appeals. Affirmed.

Jas. A. Stephens and D. J. Brookreson, both of Benjamin, for appellant.

M. F. Billingsley, of Munday, for appellee.

BUCK, J. [1] Only one question is presented on this appeal. Plaintiffs below, E. Q. Warren and H. M. Warren, doing business at Knox City, sued Mrs. Carry Fortenberry, a feme sole, on two notes, one for $127.80, dated July 31, 1926, and one for $379.20, payable in three installments of $126.40 each. It was alleged in the original petition that the due dates of the notes were, first, that the note for $127.80 was due October 31, 1926, and that the second note for $379.20 was payable in three installments, to wit, the first for $126.40, payable October 31, 1926; the second for $126.40, payable January 1, 1926; and the third, April 31 (30?), 1926. Before judgment was rendered, and doubtless before the admission in evidence of the notes and the chattel mortgage securing them on a Ford coupé, plaintiffs filed a supplemental petition, in which they alleged: That the due dates of the notes, as indicated in said notes and in

the chattel mortgage securing the same, were intended to be by both parties and should have been as follows: The first note for $127.80 was due October 31, 1926, and the second note was payable in three installments, the first October 31, 1926, the second January 31, 1927, and the third April 31, 1927 (30?). And that the correct due dates of said notes as given in the mortgage as to the last two installments of the second note were and should have been given as in 1927 instead of 1926. That such was the agreement of the parties plaintiffs and defendant, and that the error in the said due dates was by mistake. The plaintiffs do not say in their supplemental pleading that the mistake was a mutual mistake of plaintiffs and defendant, but do say that the agreement of the parties was that said last two installments should be payable in 1927. We think this is tantamount to saying that the last two installments were payable in January and April of 1927, and that the 1926 date was used by mutual mistake of the parties and inadvertently. An objection was made to the filing of this supplemental petition and to the introduction of the notes in evidence; the defendant claiming a variance between the allegata and the probata.

[2] Under article 2001, Rev. Civ. Statutes of 1925, it is provided that parties may amend their pleadings when court is in session, under leave of the court, upon such terms as the court may prescribe before the parties announce ready for trial, and at such a time as not to operate as a surprise to the opposite party. Certainly, it could not be held that this amendment, pleaded in the supplemental petition filed by plaintiffs, surprised the defendant. If she executed the notes at all, and no sworn denial of such execution is shown in the record and no testimony to that effect in the statement of facts, she knew that said two last installments were payable at a date subsequent to the date of execution, to wit, July 31, 1926, and not anterior thereto. Trial amendments to conform to the evidence, where defendants do not claim surprise and do not ask for a continuance, as is true in the instant case, are not grounds for reversal. Merchants' Ins. Co. v. Reichman (Tex. Civ. App.) 40 S. W. 831; Fleming v. Pringle, 21 Tex. Civ. App. 225, 51 S. W. 553 (writ of error refused); and other cases cited in the notes under Vernon's Ann. Tex. Statutes 1925, vol. 5, p. 172.

The statement of facts on file contains this language:

"It is further agreed that at the time of the execution of the notes, hereinbefore set forth, that the plaintiffs Warren Bros. were to have a lien upon the automobile described in the notes and mortgage, to secure the note of $127.80, as well as the installment note of $379.20, and that a mutual mistake was made in the due

⊕=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

date of the installments of the installment note of $379.20, and that the correct dates of maturity as agreed upon should have been October 31, 1926, January 31, 1927, and April 31, 1927, and that the agreement as to the due date of the note for $127.80 was October 31, 1926, and that through mistake or error the dates were not made correctly as shown by such notes and mortgage. That nothing has been paid upon said notes or either of them, and [they] are the property of the said Warren Bros., plaintiffs in said cause."

The statement of facts is signed by attorneys for plaintiffs and defendant and approved by the court.

We do not see any reversible error, and the judgment of the court below is affirmed.