**GRIFFIN v. BERRY et al. (No. 11935.)**

Court of Civil Appeals of Texas. Fort Worth. Feb. 25, 1928.

Rehearing Denied March 31, 1928.

**1. Principal and agent ⊂⇒189(4)—Proof that merchandise was furnished on order of agent held not fatal variance with allegation that merchandise was furnished to principal.**

In action to recover for certain wares and merchandise alleged to have been sold and delivered to defendant by plaintiff, proof that goods were furnished on order of one shown to be agent of defendant, *held* not to constitute a fatal variance with allegation that merchandise was furnished to defendant, in absence of claim of surprise and motion for continuance in order to secure evidence to meet evidence offered.

**2. Pleading ⊂⇒236(3)—Filing of trial amendments is largely in trial court's discretion.**

Filing of trial amendments is largely in discretion of trial court, and, where it appears that such discretion has not been abused, no error is shown.

**3. Parties ⊂⇒95(7)—Permitting trial amendment to make a party plaintiff father of plaintiff who owned interest in partnership suing for goods sold held discretionary.**

In action to recover for goods, wares, and merchandise alleged to have been sold by partnership to defendant, trial court did not abuse discretion in permitting trial amendment to make party plaintiff the father of original plaintiff, after it appeared that he owned an interest in business.

**4. Appeal and error ⊂⇒236(2)—Trial amendments in order to conform to evidence are not grounds for reversal without claim of surprise and motion for continuance.**

Trial amendments to conform to the evidence, where defendant does not claim surprise and makes no motion for continuance in order to secure evidence to meet evidence offered, are not grounds for reversal.

**5. Evidence ⊂⇒354(5)—Ledger on which first entry was made from sales slips held admissible as book of original entry.**

In action to recover for certain wares and merchandise alleged to have been sold and delivered to defendant, a ledger wherein plaintiff testified that first entry was made from sales slips *held* admissible as book of original entry.

Appeal from Tarrant County Court; Dave McGee, Judge.

Action by Hansford Berry and others, doing business under the name of the Hansford Berry Company, against John R. Griffin. Judgment for plaintiff, and defendant appeals. Affirmed.

H. D. Payne, of Floydada, for appellant.
Joseph F. Greathouse, of Fort Worth, for appellees.

BUCK, J. Plaintiff below, doing business under the name of Hansford Berry Company, at Rogers, Tex., sued John R. Griffin, in the county court at law of Tarrant county for certain wares and merchandise alleged to have been sold and delivered to the defendant by the plaintiff. From a judgment for plaintiff, the defendant has appealed.

### Opinion.

[1] It is alleged that there is a fatal variance between the allegata and probata, in that the plaintiff alleged that he furnished the merchandise to defendant, while the proof offered showed that he furnished the goods to W. A. Ashcraft on the order of J. L. Deal, who was shown to be the agent of defendant. In Baldwin v. Polti, 45 Tex. Civ. App. 638, 101 S. W. 543, writ of error denied, the court said:

"This portion of the charge is objected to by the first assignment of error, because there were no allegations in plaintiff's pleadings of the agency of Stewart, as superintendent of the defendant, or that he was vested with authority to authorize changes or contract for extra work to be done upon the building; such issue being only raised by the evidence. It will be observed that it is not questioned that Stewart was defendant's superintendent and agent in the construction of the building, or that he was vested as such agent with authority to authorize changes and contract for the extra work; but the objection goes to the pleadings, and not to the evidence, which is admitted by the assignment as tending to show such agency and authority. It is a general rule that the act of an agent is the act of his principal, which is expressed in the maxim: 'Qui facit per alium, facit per se.' And, as there was no question as to Stewart's agency and authority, proof of his doings, within the scope of his agency, supports the allegation that they were the acts of the defendant. Therefore the charge is not obnoxious to the objection raised by the assignment."

In Orient Land Co. v. Reeder, 173 S. W. 939, by this court, it is said:

"It is true that, where there is no question of the agency of a person and his authority to act for the defendant, proof of the acts of such person within the scope of his agency supports an allegation that the acts were those of the defendant. Baldwin v. Polti, 45 Tex. Civ. App. 638, 101 S. W. 543."

In the instant case, appellant admitted on the stand that Deal was his foreman and agent, looking after his several farms, generally, and that he committed to Deal the authority to see that the tenants got goods on credit, when they were entitled to it. See Abilene Cotton Oil Co. v. Briscoe, 27 Tex. Civ. App. 157, 66 S. W. 315, writ of error refused; Nimmo v. O'Keefe, 204 S. W. 883, by this court.

In the case of Lewis v. Hatton, 86 Tex. 533, 26 S. W. 50, the Supreme Court, in an opinion by Chief Justice Stayton, held that the allegation that one man committed the

wrongs of which complaint was made was not met by proof that this alleged agent committed the wrongs. In this case plaintiff sued a man who in fact was sheriff of Dallas county, but failed to allege his official position. It was claimed that the defendant had, in the absence of plaintiff, entered into plaintiff's place of business, and seized and took into his possession all of the articles, liquors, and merchandise in said building. The allegations of wrongful conversion were met by proof that the defendant was sheriff of Dallas county, and the acts sought to be charged against him as sheriff were committed by a deputy sheriff, acting for him. The court said:

"A nonsuit was taken as to the other defendant, and on the trial plaintiff was permitted to prove that plaintiff in error was the sheriff of Dallas county, and that the acts of which he complained were done by one of his deputies, under process against another person. This evidence was objected to, on the ground that the petition contained no averments of such facts, and only alleged a trespass by defendant in person; but the court overruled the objection. The rule, that a plaintiff must state the essential facts which constitute his cause of action, is elementary; and this the statute emphasizes by requiring him to make 'a full and clear statement of the cause of action.' This is necessary to inform a defendant of what he is called upon to answer, and to enable him to prepare his defense. The petition informed defendants that plaintiff based his action on their personal acts, and gave no intimation whatever of intention to hold either of them responsible for acts done by another person for whose conduct they or either of them were responsible. The facts necessary to be proved to sustain the cause of action alleged were, that plaintiff was the owner of the property described in the petition, and that defendants had seized and converted it. This could be met by proof that those facts did not exist. The facts necessary to sustain the cause of action asserted through the evidence were, in so far as plaintiff in error was concerned, that plaintiff was the owner of the property; that defendant was the sheriff of Dallas county; that the person who made the seizure was his deputy, and that he made the seizure while acting officially. Each of those facts, in such a case, it would be incumbent on the plaintiff to prove, and it was necessary to allege them in order that defendant might prepare to met them. There was not even an averment that plaintiff in error was sheriff, and the answer consisted of a demurrer and general denial."

The holding of this case has been construed by the Commission of Appeals, and approved by the Supreme Court in Jackson v. Dickey, 281 S. W. 1043, as follows:

"The Court of Civil Appeals reversed the judgment of the district court and remanded the cause on a holding that the judgment 'was rendered upon a cause of action not alleged or embraced within the allegations of the pleadings.' As supporting this holding, the court says: 'It seems to be well settled that an allegation that the defendant committed an actionable wrong against the plaintiff is not supported by proof that an agent of defendant committed the wrong, and in such case the variance between the allegations and proof is fatal, and requires the reversal of a judgment rendered upon such pleadings and proof.'

"Error is assigned on this holding, which we think is in conflict with the holding of the Court of Civil Appeals in Baldwin v. Polti, 101 S. W. 543, 45 Tex. Civ. App. 638 (writ of error refused), and in which the court in discussing this question, says: 'It is a general rule that the act of an agent is the act of his principal, which is expressed in the maxim: "Qui facit per alium, facit per se." And, as there was no question as to Stewart's agency and authority, proof of his doings, within the scope of his agency, supports the allegation that they were the acts of the defendant.' See. also, Nimmo v. O'Keefe (Tex. Civ. App.) 204 S. W. 883.

"In 31 C. J. p. 1626, the sufficiency of a pleading to support a judgment in an action involving the relation of principal and agent is stated thus: 'It is a rule of pleading that, where a third party seeks to charge a principal with the act of his agent, the complainant may plead the act of the agent as such, or plead it as the act of his principal, and, unless otherwise provided by the Codes or Practice acts, it is not necessary, in pleading the act, to aver the fact of agency, it being sufficient to charge the act as that of the principal, without disclosing the fact of agency. And the rule that it is sufficient to allege the act of the agent as the act of the principal, without disclosing the fact of agency, is held to be applicable to actions ex delicto, as well as actions ex contractu.'

"We think this correctly states the rule. While proof of the acts of an agent within the scope of his or her agency supports an allegation that they were the acts of the principal, it may sometimes occur that an allegation that an act was that of the principal may not be sufficient to charge such principal with notice that the act complained of was that of his or her agent or employee. Where this does occur, the principal may object to proof of the act when offered in evidence on the ground of surprise, and it would be error for the court to overrule such objection. This we understand to be the extent of the holding in the case of Lewis v. Hatton, 26 S. W. 50, 86 Tex. 533, relied on by the Court of Civil Appeals as sustaining its holding in this case. Here no objection was made by defendants in error that they were not by the pleading of their adversary put on notice that they were called upon to answer for the acts of Mrs. Dickey's employee. On the contrary, both their pleadings and Mrs. Dickey's testimony on the trial show that she knew the acts complained of were those of Mrs. Derrington."

If the construction of the holding in Lewis v. Hatton be as held by the Supreme Court in Jackson v. Dickey, it will remove a question which has bothered the profession for many years, and place the Texas decisions in line with the decisions of other jurisdictions on this point. There is nothing in the report of the case of Lewis v. Hatton to suggest that the defendant claimed surprise and moved for a continuance, but it is probable that the Commission of Appeals had information with respect thereto not possessed

by this court. At any rate, and with profound respect and admiration for the ability and judicial learning of Chief Justice Stayton, the writer believes, in which opinion he is joined by many other members of the bar, that the Supreme Court went too far in the holding in the Lewis v. Hatton Case, unless there were other circumstances not mentioned in the report, such as those given in Jackson v. Dickey, which rendered the holding in accord with those of other jurisdictions. In the instant case no claim of surprise was made, and no motion was made for continuance in order to meet the proof offered by plaintiff. The assignment is overruled.

[2-4] Objection is also urged to the action of the trial court in allowing plaintiff by a trial amendment to make party plaintiff the father of the original plaintiff, to wit, J. H. H. Berry; it appearing near the conclusion of the introduction of the testimony that the elder Berry owned an interest in the business. No claim of surprise and no motion for a continuance was made by defendant. The filing of the trial amendments is largely in the discretion of the trial court, and, where it appears that such discretion has not been abused, no error is shown. We think no abuse of judicial discretion vested in the trial court is shown in the instant case, and the assignment is overruled. Trial amendments to conform to the evidence, where defendant does not claim surprise and makes no motion for continuance in order to secure evidence to meet the evidence offered, are not grounds for reversal. Merchants' Ins. Co. v. Reichman (Tex. Civ. App.) 40 S. W. 831, application for writ of error dismissed by the Supreme Court; Fleming v. Pringle, 21 Tex. Civ. App. 225, 51 S. W. 553, writ of error refused; Fortenberry v. Warren Bros., No. 11904, 4 S.W.(2d) 101, recently decided by this court. See, also, Roller v. Ried, 87 Tex. 69, 26 S. W. 1060; Stuart v. Meyer, 196 S. W. 615, by this court.

[5] Error is also assigned to the action of the trial court in admitting in evidence the ledger sheet upon which the account between plaintiff and defendant was kept. Plaintiff testified that he did not put on a book sales made on credit at the time of the making thereof, but merely made sales slips and gave the purchaser a copy thereof. That the first entry was made on this ledger from the sales slips. We think the ledger was shown to be a book of original entry and was admissible in evidence. Early-Foster Co. v. Mackay Tel. Co. (Tex. Civ. App.) 204 S. W. 1172; A., T. & S. F. Ry. Co. v. Williams, 38 Tex. Civ. App. 405, 86 S. W. 38, by Chief Justice Conner of this court;. Corpus Juris, vol. 22, p. 874, § 1055.

All assignments are overruled and the judgment of the trial court is accordingly affirmed.

### On Appellants' Motion for Rehearing.

Appellant files an insistent motion for rehearing and especially attacks the conclusions of this court on original hearing that, in the absence of any claim of surprise and motion for continuance on the part of defendant below, the trial court did not commit reversible error in allowing J. H. H. Berry to be made a party plaintiff. He cites the case of Reagan v. Copeland, 78 Tex. 551, 14 S. W. 1031, in which the Supreme Court said:

"If it be conceded that under another statute the United States marshal may cause the signers of indemnity bonds to be made parties defendants, as sheriffs and their deputies and constables may be (Sayles' Tex. Civil Statutes, art. 4525a), which we do not now decide, it must be admitted that the right to do so is subject to the requirement that it must be done 'before the case is called for trial.' After that it is too late to bring in new parties if objection is made. The fact alone that it is not apparent that any delay will be caused thereby is not sufficient ground for disregarding an express provision of the statute on the subject."

In the cited case, Copeland was suing Reagan as United States marshal for the Eastern district of Texas, alleging that said marshal had wrongfully converted property to his use belonging to plaintiff, under and by virtue of a void writ. The new parties were sought to be made parties defendant, and included principals and sureties upon indemnity bonds executed in favor of Reagan as said marshal. If this were done, new issues would be raised, new pleadings required by the plaintiff to meet the pleadings of the defendant, and necessarily delay would be required. The language used in the cited case apparently was stronger than the holding of the courts in other cases would support.

In Roberson v. McIlhenny, 59 Tex. 615, it was held that the name of one of a partnership being omitted from the petition as a party plaintiff could be cured by a trial amendment, without the necessity of a continuance or further service of process. See Garrett v. Muller & Co., 37 Tex. 589; Tousey v. Butler, 9 Tex. 525; Laughlin v. Tips, 8 Tex. Civ. App. 649, 28 S. W. 551—all of which cases hold that amendment to pleadings adding the name of another member of the firm does not set up a new cause of action.

In Northern Texas Traction Co. v. Mullins, 44 Tex. Civ. App. 566, 99 S. W. 433, by Chief Justice Conner of this court, it was held that it was within the discretion of the court to permit a petition to be amended where it will not occasion surprise to the other party. A writ of error was denied in this case.

Moreover it does not fully appear that J. H. H. Berry, the father of Hansford Berry, was an active or general partner. The evidence simply shows that Hansford had gotten some money from his father and put it

in the business. The father's name did not appear in the business, and apparently he had nothing to do with the management of it. But we think enough has been said to justify the overruling of the motion for rehearing. .

Motion for rehearing overruled.