## W. H. Lewis v. B. H. Hatton.

### No. 120.

**1. Petition Must Allege Facts Showing Cause of Action.**

Petition alleging, in substance, ownership of stock of merchandise (describing it), and that with it he was carrying on a business at a house under his control. and that in his absence the defendant unlawfully took possession of said stock and the building, and that defendant had converted said goods, etc., giving items of damages. *Held,* insufficient to support evidence that the goods had been levied upon by a deputy sheriff under process against another person, and that the defendant was the sheriff .......................................... .................... 534

**2. Petition—Pleading.**

The rule that the plaintiff must state the essential facts which constitute his cause of action, is elementary; and this the statute emphasizes by requiring him to make a "full and clear statement of the cause of action." ................................................................. ... 535

ERROR to Court of Civil Appeals for Fifth District, in an appeal from Dallas County.

*E. G. Williams* and *Russell, Cooper & Lemmon,* for plaintiff in error.

1. A person sued as an individual for a trespass and conversion of property can only be bound when the act is done by him in person, in the absence of an allegation that others were acting for him, or he was in conspiracy with them, or after a knowledge of the facts he had ratified what was done.

2. To hold a sheriff responsible for a trespass and conversion made by persons who were his deputies, his official capacity must be alleged, and the process by virtue of which they acted must also be alleged and come from a court of competent jurisdiction. He must be sued in his official capacity, acting by virtue of a valid writ, before the trespass and wrongs done by persons who are his subordinates can be admitted in evidence · against him.

3. A sheriff is not responsible for the act of his deputies done without authority; and when sued for acts done by them, the official capacity of the principal must be stated, and the process under color of which the subordinate acted must be alleged, and can only be proven when alleged; and unless alleged a recovery can not be had against him.

4. A judgment based upon facts not supported by the pleadings is not a valid judgment. Facts not alleged, though proved, can not form the basis of a decree or judgment. Hall v. Jackson, 3 Texas, 309; Mims v. Mitchell, 1 Texas, 443; Paul v. Perez, 7 Texas, 345; Ballew v. Casey, 60 Texas, 574; Denison v. League, 16 Texas, 408; Edrington v. Newland, 57 Texas, 632.

5. In the absence of proof showing value, neither the court nor jury have authority to assess the value. Paul v. Perez, 7 Texas, 345; Tarlton v. Daly, 55 Texas, 94; Hall v. Jackson, 3 Texas, 309; Edrington v. Newland, 57 Texas, 632; Ballew v. Casey, 60 Texas, 574; Mims v. Mitchell, 1 Texas, 443; Denison v. League, 16 Texas, 408.

*Word & Reeves*, for defendant in error.

STAYTON, CHIEF JUSTICE.—This is an action brought against plaintiff in error and another, to recover damages, and that part of the petition setting forth the cause of action was as follows: "That on the —— day of December, 1890, and prior thereto, plaintiff was engaged in the city of Dallas, in said county and State, in business as a liquor dealer, on which date plaintiff owned the liquors, merchandise, and all the other articles and property set forth in the instrument hereto attached marked exhibit A, with which merchandise and other property plaintiff carried on his said business. At said time plaintiff had the right to the possession of the building in which was contained all of said property. On December 6, 1890, and in the absence of plaintiff, defendants entered his said place of business and seized and took into their possession all of said articles, liquors, and merchandise as itemized in said exhibit, and have converted to their possession all of said articles. That defendants have continuously since withheld from plaintiff possession of said building."

The petition then sets out the several claims for damages, but does not set forth the acts on which the action was based otherwise than as before stated.

A nonsuit was taken as to the other defendant, and on the trial plaintiff was permitted to prove that plaintiff in error was the sheriff of Dallas County, and that the acts of which he complained were done by one of his deputies, under process against another person.

This evidence was objected to, on the ground that the petition contained no averments of such facts, and only alleged a trespass by defendant in person; but the court overruled the objection.

The rule, that a plaintiff must state the essential facts which constitute his cause of action, is elementary; and this the statute emphasizes by requiring him to make " a full and clear statement of the cause of action." This is necessary to inform a defendant of what he is called upon to answer, and to enable him to prepare his defense.

The petition informed defendants that plaintiff based his action on their personal acts, and gave no intimation whatever of intention to hold either of them responsible for acts done by another person for whose conduct they or either of them were responsible.

The facts necessary to be proved to sustain the cause of action alleged were, that plaintiff was the owner of the property described in the petition, and that defendants had seized and converted it. This could be met by proof that those facts did not exist.

The facts necessary to sustain the cause of action asserted through the evidence were, in so far as plaintiff in error was concerned, that plaintiff was the owner of the property; that defendant was the sheriff of Dallas County; that the person who made the seizure was his deputy, and that he made the seizure while acting officially.

Each of those facts, in such a case, it would be incumbent on the plaintiff to prove, and it was necessary to allege them in order that defendant might prepare to meet them.

There was not even an averment that plaintiff in error was sheriff, and the answer consisted of a demurrer and general denial.

As stated in Mims v. Mitchell, 1 Texas, 447, " The object of pleading is to apprise the court and the opposite party of the facts on which the pleader intends to rely as constituting his cause of action or grounds of defense. And the averment should set forth the facts relied on with such precision, clearness, and certainty as to apprise the opposite party of what he will be called upon to answer, and what is intended to be proved, so that the evidence introduced may not take him by surprise. Such certainty is essential in order that the facts relied on by either party may be understood by the party who is to answer them, by the jury who are to ascertain their truth, and by the court who is to give judgment upon them. 2 Cowp., 682. When there is not such certainty, objections to evidence ought to be sustained; for a party ought not to be permitted to prove what he has not averred. * * * The rules governing judicial proceedings should be such as to promote fairness, candor, and probity

in every stage of a cause, and to attain the ends of justice with the least possible indirection, and not such as to encourage duplicity, evasion, and deception, and to elevate subtlety, craft, and cunning to the vantage ground of learning, talent, and candor. Yet such would be the tendency of such rules as should not require the pleader to state fairly and specially the facts relied on to sustain his action or defense.''

In the case of Guffey v. Moseley, 21 Texas, 408, the petition alleged that Moseley shot a mare belonging to plaintiff, and sought a recovery for the injury resulting; but on the trial offered to prove that a slave, under direction of Moseley, fired the shot. The court excluded the evidence, and plaintiff then took a nonsuit, which the court refused to set aside; and on writ of error it was held, that nonsuit should have been set aside and leave given to plaintiff to amend.

The Supreme Court was evidently of the opinion that the evidence was properly excluded, but felt that the ends of justice required that plaintiff should not lose a right shown by the evidence to exist, through the insufficiency of his pleading, which might be amended.

It was said, however, that '' The theory of our system of pleadings requires the parties to state the facts of their cases, and not legal conclusions deduced from the facts. That is, the material, issuable, substantive facts, should be stated, and not the legal effect of those facts on the one hand, or matters which are merely subsidiary or evidence of facts on the other.''

The essential and issuable facts in the case made by the evidence offered by plaintiff have been stated, but they were not alleged, and the court should have excluded the evidence on objections made.

What plaintiff in error may have known was unimportant; for he was only in court to answer the case made against him by the petition.

Decisions possibly may be found holding the averments of the petition sufficient to admit such evidence as was admitted; but under the rules of pleading in force in this State such decisions are not applicable.

The judgments of the Court of Civil Appeals and of the District Court will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 5, 1894.