## BEWLY MILLS v. TINKLE. (No. 1187.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 12, 1925.)

1. Master and servant ⬥329—Allegation of agency of driver of car held sufficient against general demurrer.

Petition alleging that third party was driving defendant's car at time of injury to plaintiff's car, and that defendant was in car and consented to party driving it, *held* sufficiently to allege agency and defendant's control of the car as against general demurrer, in view of fact that on such objection all fair and reasonable intendments favor the pleading.

2. Pleading ⬥205(2)—Defective statement, if amendable, good as against general demurrer.

Statement of cause of action, though defective, is good as against general demurrer, where so stated that it is amendable.

Appeal from Nacogdoches County Court; A. T. Russell, Judge.

Action by the Bewly Mills against George Tinkle. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Seale & Denman, of Nacogdoches, for appellant.

Adams & Moore, of Nacogdoches, for appellee.

O'QUINN, J. We shall refer to appellant as plaintiff and to appellee as defendant, that being their attitude in the court below. Suit in the county court of Nacogdoches county, Tex., by plaintiff against defendant for damages to an automobile. Plaintiff alleged that an automobile belonging to it, while being operated by one of its employees, was run into and damaged by an automobile of defendant which was being driven by Miss Dorothy Joplin, defendant at the time being in the car with Miss Joplin and consenting to her driving his car, which collision was caused by the negligent driving of Miss Joplin. Defendant answered by general demurrer, special exceptions, and general denial. The court sustained defendant's general demurrer and rendered judgment against plaintiff. The case is before us to review the action of the court in sustaining the general demurrer.

The charging part of plaintiff's petition is:

"(1) That on or about the 28th day of October, A. D. 1923, while a Ford roadster automobile owned by this plaintiff was being run and operated by an employee of this plaintiff in the scope of his employment on West Main street in the city of Nacogdoches, on that part of said West Main street lying between the J. M. Weeks Bottling Works and the courthouse of Nacogdoches county, Tex., and about opposite the Baxter Hotel, an automobile owned by this defendant, and which was at that time being driven by Dorothy Joplin in the presence of, and with the consent of, this defendant (said defendant being in his automobile with Dorothy Joplin at this time), ran into the Ford roadster automobile of your petitioner and greatly injured same.

"(2) That said Dorothy Joplin, when she went to drive the automobile of the defendant past the automobile of this plaintiff at the place heretofore alleged, she did not turn said automobile which she was driving to her right so as to pass the automobile of this plaintiff, but on the contrary turned same to her left and ran the automobile of the defendant into the automobile of this plaintiff striking the automobile of the plaintiff in the side with great force, thereby knocking the automobile of your petitioner upon the sidewalk, breaking down the rear wheels, wrecking the back part of said

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

automobile and greatly injuring the motor of same, all of which damaged the automobile belonging to this plaintiff in the sum of two hundred seventy-five and no/100 ($275.00).

"(3) That the said Dorothy Joplin was running the automobile of defendant in a reckless manner when she ran same into the automobile of this plaintiff; that she was driving same at a high rate of speed, to wit, 20 miles per hour, and when the automobile she was driving approached the automobile of the plaintiff, the said Dorothy Joplin turned the automobile she was driving to her left, turned loose the steering wheel, and did not throw on the brakes or do anything to prevent the automobile of defendant from running into the automobile of this plaintiff, as result of which she ran the automobile of defendant into the automobile of this plaintiff, greatly damaging the automobile of plaintiff, as heretofore alleged in paragraph 2 of this pleading."

[1, 2] We think the court erred in sustaining the general demurrer. In passing on a general exception to a petition, the pleading should be liberally construed and every reasonable intendment arising on such pleading should be indulged in favor of its sufficiency. A general demurrer to a petition admits the truth of all the facts alleged, and of all inferences reasonably deducible therefrom, and when the petition alleges facts, which, when considered in connection with these intendments and inferences, are reasonably sufficient to inform a defendant to the nature and extent of plaintiff's demand, it should be held good as against a general demurrer. Plaintiff herein was trying to state a cause of action. It alleged that defendant's car ran into and damaged its car; that defendant was in his car with the lady who was driving it at the time of the accident, and was consenting to her driving the car; that defendant's car was being driven in a rapid and reckless manner; and that the collision and damage to its car resulted from said negligent and reckless driving. Evidently defendant's general demurrer was sustained because agency on the part of the lady driving defendant's car was not alleged. As against a general demurrer, a pleading will be deemed to allege whatever can be implied from its statements by fair and reasonable intendment. Bolt v. State Savings Bank (Tex. Civ. App.) 179 S. W. 1119. We think that plaintiff having alleged that the damage to its car was caused by the defendant's car having been negligently run into plaintiff's car, that Miss Joplin was driving defendant's car, and that defendant at the time was in his car with Miss Joplin and consenting to her driving same, that by reasonable intendment it was alleged that she was acting as agent of defendant in driving the car, and, further, that a reasonable inference properly deducible from said allegations was that defendant, being in his car at the time and consenting to Miss Joplin's driving same, had charge of the car and had the power and right to control the manner of its being driven, and therefore the petition was sufficient as against a general demurrer. Gulf Refining Co. v. Bonin (Tex. Civ. App.) 242 S. W. 780; Railway v. Sloman (Tex. Civ. App.) 195 S. W. 321; Wilmans v. Harston (Tex. Civ. App.) 234 S. W. 233; Millers' Indemnity Underwriters v. Boudreaux (Tex. Civ. App.) 245 S. W. 1025. Furthermore, a defective statement of a cause of action is not subject to a general demurrer; if it is so stated that it is amendable, it is good as against a general demurrer. Telegraph Co. v. Grimes, 82 Tex. 94, 17 S. W. 831. We think plaintiff's petition met this test.

For the error committed in sustaining the general demurrer, the judgment is reversed and the cause remanded.