### DICKEY et al. v. JACKSON.    (No. 8610.)*

(Court of Civil Appeals of Texas. Galveston. March 27, 1925. · Rehearing Denied May 14, 1925.)

1. Pleading ⟐180(1)—Cause of action not properly pleaded, when found only in supplemental petition.

A cause of action is not properly pleaded, when found only in supplemental petition, function of which is to reply to defensive matter pleaded by defendant.

2. Negligence ⟐119(7)—Allegation defendant committed wrong not supported by proof of acts of agent.

Complaint charging defendant as agent or servant of other defendants, with negligence in giving plaintiff's hair a permanent wave, held not supported by proof of negligence of such defendant's employee.

3. Negligence ⟐138(3)—Failure to confine finding of negligence to person charged error.

In action for personal injuries, caused in giving plaintiff's hair a permanent wave, alleged through negligence of defendant, failure of charge to confine issue of negligence to that of defendant, and submission of general negligence of all employees of beauty parlor, held error.

4. Husband and wife ⟐268(9)—Husband not liable for torts of wife except as to interest in community property.

Under Vernon's Ann. Civ. St. Supp. 1922, art. 4621, a husband is not liable for torts of his wife, except as to his interest in community property, which may be liable for damages caused by her.

5. Appeal and error ⟐1152—General judgment against husband in action for tort of wife could be reformed.

Where husband was joined in action for tort of wife, error in entering general judgment against him will not require reversal, as it may be reformed so as to hold him liable only to extent of his interest in community property.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Suit by Phoebe Jackson against C. H. Dickey and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Hunt & Teagle and C. M. Kay, all of Houston, for appellants.

Fulbright, Crooker & Freeman and W. B. Bates, all of Houston, for appellee.

PLEASANTS, C. J. This suit, as originally brought by appellee, was against Harris-Hahlo Company, a corporation, to recover damages for personal injuries alleged to have been caused plaintiff by the negligence of the defendant corporation, acting through its agent and employee, Mrs. Dickey, in dressing plaintiff's hair by giving it what is known and designated as a "permanent wave."

The defendant corporation answered by general demurrer and general denial, and especially denied that Mrs. Dickey or any of her employees were employed by Harris-Hahlo Company or that said company had any interest in or control over the beauty parlor in which plaintiff received the injuries complained of in her petition. It then pleaded by cross-action that the beauty parlor, in which plaintiff claims to have received injuries was owned by the Marinello Company, an Illinois corporation, and was conducted by Mrs. Dickey as agent for said corporation, and prayed that, in event plaintiff should recover any judgment against it, it have judgment over against the Marinello Company and Mrs. Dickey. Citation was issued on this cross-action of defendant and served upon Mrs. Dickey as agent of the Marinello Company.

Mrs. Dickey filed an affidavit denying that she was the agent of said company, and upon motion of an amicus curiæ the service was quashed, and the suit against that company was thereafter abandoned. Mrs. Dickey also filed a sworn plea of coverture, in which it is alleged that she is and was, at the time plaintiff's cause of action arose, the wife of C. H. Dickey, with whom she lives in the city of Houston, and asks that the suit against her be abated and dismissed. The plea in abatement was overruled.

Thereafter Mrs. Dickey and her husband, C. H. Dickey, were duly cited to appear and answer the cross-action of defendant Harris-Hahlo Company. Plaintiff filed no amended petition setting up a cause of action against Mrs. Dickey, and no citation was issued upon any claim or demand of plaintiff against her.

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

In a supplemental petition filed on May 23, 1923, which was prior to the orders overruling the appellant's plea in abatement and quashing the service on the Marinello Company, plaintiff, after demurring to the amended answer of the Harris-Hahlo Company, denying each and all of its allegations, and, realleging and amplifying her cause of action against said company, pleads the same cause of action against the Marinello Company and Mrs. Dickey as the agent of said company, and who it is alleged negligently caused the injuries to plaintiff complained of in her amended petition, and prays, in the alternative, that if for any reason she is not entitled to recover against Harris-Hahlo Company that she recover the amount of her damages from the Marinello Company and Mrs. Dickey, jointly and severally.

On October 10, 1923, appellant Mrs. Dickey, joined by her husband, filed an answer in which they demur generally to plaintiff's original petition and to the cross-action of defendant Harris-Hahlo Company, and deny generally the allegations of said petition and cross-bill. They further pleaded assumed risk and contributory negligence on the part of plaintiff. The concluding plea in their answer is as follows:

"These defendants say: That the defendant Mrs. Edith Dickey is a competent and capable operator in the process of making a permanent wave in the hair. That the process used upon the plaintiff was the usual and proper method of doing such work, and was done in the usual and in a careful and in an expert manner. That all instruments and apparatus used in connection with said work at said time were thoroughly and carefully sterilized. That no excessive amount of heat was used, and that, if the plaintiff had a blister on her scalp, and if the plaintiff's scalp became thereafter infected, the same was the result of other causes than the said process of making a permanent wave, and that said process was in no manner connected with or caused such injuries, all of which defendants are ready to verify."

The trial in the court below with a jury resulted in a verdict and judgment in favor of the plaintiff against appellants Mrs. Dickey and her husband for the sum of $5,000, and in favor of Harris-Hahlo Company that plaintiff take nothing against it.

In response to special issues, the jury found that the employees of the beauty parlor were negligent in manipulating and operating the process of fixing a permanent wave in plaintiff's hair, that such negligence was the proximate cause of plaintiff's injury, and that plaintiff had suffered damages in the sum of $5,000 by the injuries complained of in her petition. They further found that Mrs. Derrington (the employee in the beauty parlor, who put the permanent wave in plaintiff's hair) followed the usual method and process in making the wave for the plaintiff; that plaintiff did not assume the risk of the injury sustained by her by submitting herself to the process necessary to have the wave put in; that the injury to plaintiff's scalp and skin was not the result of a dandruff infection which existed in her head prior to the putting in of the permanent wave. They further found that the Harris-Hahlo Company held itself out to the public as owning and operating the Marinello beauty parlor, located in the Harris-Hahlo building, and that plaintiff knew of such holding out but did not exercise ordinary care to ascertain the true ownership and management of the beauty parlor; that, if plaintiff had known that the place was owned and operated by Mrs. Dickey and not by Harris-Hahlo Company, she would have refused to submit to the hair treatment in question. They further found that, if the shop had been owned by Harris-Hahlo Company, plaintiff would have suffered the same injury, and that plaintiff exercised ordinary care in the treatment of her scalp after she received the injury of which she complains.

We deem it unnecessary to set out or discuss the various propositions presented in appellant's brief, and shall only state our conclusions upon the objections made to the judgment which in our opinion require its reversal.

[1, 2] The fundamental objection is that the cause of action shown by the undisputed evidence, and the finding of fact by the jury upon which the judgment is based, is not supported by the pleadings. The only allegations in any of appellee's pleadings of liability on the part of Mrs. Dickey for plaintiff's injuries, and the only prayer for a judgment against her, are found in plaintiff's supplemental petition. A plaintiff's cause of action is not properly pleaded when found only in a supplemental petition, the proper office of which is to reply to defensive matters pleaded by the defendant.

But waiving this objection to the form of the pleading, plaintiff's allegations of liability on the part of Mrs. Dickey are confined to allegations charging her as the agent of either the Harris-Hahlo Company or the Marinello Company with the negligent acts which caused plaintiff's injury. There is not even an intimation in the plaintiff's pleadings that Mrs. Dickey, as owner of the beauty parlor, was liable to plaintiff for injuries inflicted upon plaintiff by the negligence of the employees of Mrs. Dickey, or that the negligence of any one other than Mrs. Dickey caused plaintiff's injuries. On the contrary, plaintiff's pleading alleges the ownership of the beauty parlor to be in Harris-Hahlo Company or in the Marinello Company, and negatives the idea that the employees in the parlor were agents or servants of Mrs. Dickey.

There is no evidence of any negligence on the part of Mrs. Dickey which caused or contributed to plaintiff's injury, and the un-

disputed evidence shows that the permanent wave was put in plaintiff's hair by Mrs. Derrington, an employee of Mrs. Dickey, and, if there was any negligence in the manner of manipulating and operating the process used to make the wave, it was negligence on the part of Mrs. Derrington.

In this state of the pleading and proof, the only issue of negligence submitted to the jury was whether or not "the employees in the beauty parlor in question were negligent in manipulating and operating the process of fixing or attempting to fix a permanent wave in plaintiff Miss Phoebe Jackson's hair at the time complained of in her petition." As before stated, the jury answered that question in the affirmative.

We think it clear, from this statement of the pleadings, evidence, and finding of the jury that the judgment against plaintiff was rendered upon a cause of action not alleged or embraced within the allegations of the pleadings. It seems to be well settled that an allegation that the defendant committed an actionable wrong against the plaintiff is not supported by proof that an agent of defendant committed the wrong, and, in such case the variance between the allegations and proof is fatal, and requires the reversal of a judgment rendered upon such pleadings and proof.

The reason for this rule is thus stated by Judge Stayton in the case of Lewis v. Hatton, 86 Tex. 535, 26 S. W. 50:

"The rule, that a plaintiff must state the essential facts which constitute his cause of action, is elementary; and this the statute emphasizes by requiring him to make 'a full and clear statement of the cause of action.' This is necessary to inform a defendant of what he is called upon to answer, and to enable him to prepare his defense. The petition informed defendants that plaintiff based his action on their personal acts, and gave no intimation whatever of intention to hold either of them responsible for acts done by another person for whose conduct they or either of them were responsible. The facts necessary to be proved to sustain the cause of action alleged were, that plaintiff was the owner of the property described in the petition, and that defendants had seized and converted it. This could be met by proof that those facts did not exist. The facts necessary to sustain the cause of action asserted through the evidence were, in so far as plaintiff in error was concerned, that plaintiff was the owner of the property; that defendant was the sheriff of Dallas county; that the person who made the seizure was his deputy, and that he made the seizure while acting officially. Each of those facts, in such a case, it would be incumbent on the plaintiff to prove, and it was necessary to allege them in order that defendant might prepare to meet them. There was not even an averment that plaintiff in error was sheriff, and the answer consisted of a demurrer and general denial."

What is said in the above quotation is directly applicable to this case. In the case cited the suit was brought by Hatton against Lewis for damages for the alleged wrongful seizure and conversion by defendant of property belonging to plaintiff. On the trial, judgment was rendered in favor of plaintiff upon proof that a deputy sheriff under Lewis, who was the sheriff of the county, seized and took away plaintiff's property. If, as said by Judge Stayton in that case, it was necessary for plaintiff, in order to sustain his cause of action as alleged to prove that the defendant seized and converted plaintiff's goods, and that the cause of action alleged would be defeated by proof that the defendant's deputy took the goods, it must follow that the uncontradicted evidence in the case, showing that Mrs. Dickey was not negligent as charged in the petition, and that, if plaintiff was injured, as charged, by the negligent manner in which the permanent wave was made in her hair, it was the negligence of an employee of Mrs. Dickey, meets plaintiff's case as alleged in her pleadings, and defeats her right to recover thereon.

The principle upon which the decision in the case cited is based has been uniformly recognized by our decisions. Mims v. Mitchell, 1 Tex. 447; Guffey v. Moseley, 21 Tex. 408; Stevenson v. Cauble, 55 Tex. Civ. App. 55, 118 S. W. 811; Orient Land Co. v. Reeder (Tex. Civ. App.) 173 S. W. 941; Ry. Co. v. Wilson (Tex. Civ. App.) 214 S. W. 776.

[3] Appellants objected to the issue of negligence submitted by the trial court, which we have before set out, on the ground that it was "too general in its terms because there are no issues raised by the plaintiffs nor by the evidence to justify the submission of said issue," and "because the said issue does not require the jury to find a specific act of negligence charged against said defendants or defendant, or what person was negligent."

While these objections to the charge are not artistically prepared, and some of them may be immaterial, the objection that the issue should be confined to the negligence of the person alleged in the pleading to have caused the injury is clearly made, and it follows from the conclusion above expressed, that the court erred in submitting the general issue of the negligence of any or all of the employees in the beauty parlor.

[4, 5] Under article 4621, Vernon's Statutes 1922, the separate property of the husband is no longer liable for torts of the wife, and the judgment of the trial court against C. H. Dickey could in no event have gone further than to hold his interest in the community liable for damages caused by the negligence of his wife.

The judgment would not, however, be reversed for this error, as it might be here reformed. If other errors are shown by the record, they are not such as are likely to occur upon another trial, and need not be pointed out.

For the reasons before stated, the judgment is reversed, and the cause remanded.

Reversed and remanded.