**JACKSON v. DICKEY et al.   (No. 787–4447.)**

(Commission of Appeals of Texas, Section A. April 14, 1926.)

**1. Negligence ⬅119(7).**

Complaint charging defendant as agent or servant of other defendants with negligence in giving plaintiff's hair permanent wave *held* supported by proof of negligence of such defendant's employee.

**2. Principal and agent ⬅189(1)—Third party seeking to charge principal with act of agent may plead act as act of principal without averring fact of agency.**

Where third party seeks to charge principal with act of his agent, complainant may plead act of agent as such, or plead it as act of his principal without averring fact of agency, which rule is applicable to actions ex delicto or ex contractu.

**3. Husband and wife ⬅268(9).**

Husband is not liable for torts of wife except as to his interest in community property.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by Phœbe Jackson against C. H. Dickey and others. Judgment for plaintiff in the Court of Civil Appeals was reversed (275 S. W. 310), and plaintiff brings error. Judgment of Court of Civil Appeals reversed, and cause remanded.

Fulbright, Crooker & Freeman, of Houston, for plaintiff in error.

Hunt & Teagle and Cam Kay, all of Houston, for defendants in error.

BISHOP, J. The pleadings in this case are as recited in the opinion of the Court of Civil Appeals in its statement (275 S. W. 310) as follows:

"This suit, as originally brought by appellee, was against Harris-Hahlo Company, a corporation, to recover damages for personal injuries alleged to have been caused plaintiff by the negligence of the defendant corporation, acting through its agent and employee, Mrs. Dickey, in dressing plaintiff's hair by giving it what is known and designated as a 'permanent wave.'

"The defendant corporation answered by general demurrer and general denial, and especially denied that Mrs. Dickey or any of her employees were employed by Harris-Hahlo Company, or that said company had any interest in or control over the beauty parlor in which plaintiff received the injuries complained of in her petition. It then pleaded by cross-action that the beauty parlor in which plaintiff claims to have received injuries was owned by the Marinello Company, an Illinois corporation, and was conducted by Mrs. Dickey as agent for said corporation, and prayed that, in event plaintiff should recover any judgment against it, it have judgment over against the Marinello Company and Mrs. Dickey. Citation was issued on this cross-action of defendant and served upon Mrs. Dickey as agent of the Marinello Company.

"Mrs. Dickey filed an affidavit denying that she was the agent of said company, and upon motion of an amicus curiæ the service was quashed, and the suit against that company was thereafter abandoned. Mrs. Dickey also filed a sworn plea of coverture, in which it is alleged that she is and was, at the time plaintiff's cause of action arose, the wife of C. H. Dickey, with whom she lives in the city of Houston, and asks that the suit against her be abated and dismissed. The plea in abatement was overruled.

"Thereafter Mrs. Dickey and her husband, C. H. Dickey, were duly cited to appear and answer the cross-action of defendant Harris-Hahlo Company. Plaintiff filed no amended petition setting up a cause of action against Mrs. Dickey, and no citation was issued upon any claim or demand of plaintiff against her.

"In a supplemental petition filed on May 23, 1923, which was prior to the orders overruling the appellant's plea in abatement and quashing the service on the Marinello Company, plaintiff, after demurring to the amended answer of the Harris-Hahlo Company, denying each and all of its allegations, and realleging and amplifying her cause of action against said company, pleads the same cause of action against the Marinello Company and Mrs. Dickey as the agent of said company, and who it is alleged negligently caused the injuries to plaintiff complained of in her amended petition, and prays, in the alternative, that, if for any reason she is not entitled to recover against Harris-Hahlo Company, she recover the amount of her damages from the Marinello Company and Mrs. Dickey, jointly and severally.

"On October 10, 1923, appellant Mrs. Dickey, joined by her husband, filed an answer in which they demur generally to plaintiff's original petition and to the cross-action of defendant Harris-Hahlo Company, and deny generally the allegations of said petition and cross-bill. They further pleaded assumed risk and contributory negligence on the part of plaintiff. The concluding plea in their answer is as follows: 'These defendants say: That the defendant Mrs. Edith Dickey is a competent and capable operator in the process of making a permanent wave in the hair. That the process used upon the plaintiff was the usual and proper method of doing such work, and was done in the usual and in a careful and in an expert manner. That all instruments and apparatus used in connection with said work at said time were thoroughly and carefully sterilized. That no excessive amount of heat was used, and that, if the plaintiff had a blister on her scalp, and if the plaintiff's scalp became thereafter infected, the same was the result of other causes than the said process of making a permanent wave, and that said process was in no manner connected with or caused such injuries, all of which defendants are ready to verify.'

"The trial in the court below with a jury resulted in a verdict and judgment in favor of the plaintiff against appellants Mrs. Dickey and her husband for the sum of $5,000, and in favor of Harris-Hahlo Company that plaintiff take nothing against it."

The evidence shows that Mrs. Dickey was the owner of the beauty parlor, and that the permanent wave was put in Miss Jackson's hair by her employee, Mrs. Derrington, under her direction and supervision. Under the evidence an issue of fact was presented as to whether there was any negligence in the manner of manipulating and operating the process and fixing or attempting to fix a permanent wave in Miss Jackson's hair, and the jury found that the employees in the beauty parlor were negligent in this regard.

[1] The Court of Civil Appeals reversed the judgment of the district court and remanded the cause on a holding that the judgment "was rendered upon a cause of action not alleged or embraced within 'the allegations of the pleadings." As supporting this holding, the court says:

"It seems to be well settled that an allegation that the defendant committed an actionable wrong against the plaintiff is not supported by proof that an agent of defendant committed the wrong, and in such case the variance between the allegations and proof is fatal, and requires the reversal of a judgment rendered upon such pleadings and proof."

Error is assigned on this holding, which we think is in conflict with the holding of the Court of Civil Appeals in Baldwin v. Polti, 101 S. W. 543, 45 Tex. Civ. App. 638 (writ of error refused), and in which the court 'n discussing this question, says:

"It is a general rule that the act of an agent is the act of his principal, which is expressed in the maxim: 'Qui facit per alium, facit per se.' And, as there was no question as to Stewart's agency and authority, proof of his doings, within the scope of his agency, supports the allegation that they were the acts of the defendant." '

See, also, Nimmo v. O'Keefe (Tex. Civ. App.) 204 S. W. 883.

[2] In 31 C. J., p. 1626, the sufficiency of a pleading to support a judgment in an action involving the relation of principal and agent is stated thus:

"It is a rule of pleading that, where a third party seeks to charge a principal with the act of his agent, the complainant may plead the act of the agent as such, or plead it as the act of his principal, and, unless otherwise provided by the codes or practice acts, it is not necessary, in pleading the act, to aver the fact of agency, it being sufficient to charge the act as that of the 'principal, without disclosing the fact of agency. And the rule that it is sufficient to allege the act of the agent as the act of the principal, without disclosing the fact of agency, is held to be applicable to actions ex delicto, as well as actions ex contractu."

We think this correctly states the rule. While proof of the acts of an agent within the scope of his or her agency supports an allegation that they were the acts of the principal, it may sometimes occur that an allega-

tion that an act was that of the principal may not be sufficient to charge such principal with notice that the act complained of was that of his or her agent or employee. Where this does occur, the principal may object to proof of the act when offered in evidence on the ground of surprise, and it would be error for the court to overrule such objection. This we understand to be the extent of the holding in the case of Lewis v. Hatton, 26 S. W. 50, 86 Tex. 533, relied on by the Court of Civil Appeals as sustaining its holding in this case. Here no objection was made by defendants in error that they were not by the pleading of their adversary put on notice that they were called upon to answer for the acts of Mrs. Dickey's employee. On the contrary, both their pleadings and Mrs. Dickey's testimony on the trial show that she knew the acts complained of were those of Mrs. Derrington.

[3] We agree with the holding of the Court of Civil Appeals that the judgment of the trial court should in any event be so reformed as to limit recovery against C. H. Dickey to his interest in the community of himself and wife, Mrs. Edith Dickey.

Other assignments presented in the Court of Civil Appeals were not considered, one of which is that the verdict of the jury is grossly excessive. We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and the cause remanded to that court for further consideration.

GREENWOOD and PIERSON, JJ. Judgment of the Court of Civil Appeals reversed, and cause remanded to the Court of Civil Appeals, as recommended by the Commission of Appeals.