STAMPER et ux. v. SCHOLTZ. (No. 2275.)

Court of Civil Appeals of Texas. El Paso. May 9, 1929.

Thomas, Storey & Grady, of Dallas, and A. A. Seeligson and L. M. Patterson, both of San Antonio, for appellants.

Douglas, Carter & Black and C. W. Anderson, all of San Antonio, for appellee.

PELPHREY, C. J. This suit was instituted by J. J. Scholtz, for his benefit, and as next friend of Joseph Scholtz, his minor son, to recover damages, alleging that Mrs. R. C. Stamper, one of appellants, while traveling east in an automobile on Buena Vista street, in the city of San Antonio, on or about August 6, 1927, collided with Joseph Scholtz, who was traveling in the same direction on a bicycle, inflicting serious bodily injuries.

Appellee alleged a number of grounds of negligence, but only three were submitted by the court to the jury, viz.: (1) That appellant Mrs. Stamper was negligent in that she operated the automobile at a high, excessive, and unlawful rate of speed, to wit, at from 15 to 30 miles per hour, under circumstances which rendered said speed dangerous to the public; (2) that she failed to sound a gong or give any warning of the approach of the automobile; (3) that she failed to keep a proper "lookout."

Appellants answered by general and special exceptions, a general denial, and pleas of unavoidable accident and contributory negligence.

Appellees by supplemental petition denied the allegations of contributory negligence and unavoidable accident.

In a trial amendment appellants pleaded negligence on the part of Joseph Scholtz in failing to keep a proper lookout and in failing to ride his bicycle close to the south curb of Buena Vista street.

The jury, in response to special issues, found that Mrs. Stamper was guilty of negligence in operating her automobile at a dangerous rate of speed, in failing to give Joseph Scholtz any warning of her approach, and in failing to keep a proper "lookout," and that each particular act of negligence was a proximate cause of the injury.

The jury further found that the collision between the automobile and the bicycle was not an unavoidable accident; that Joseph Scholtz suddenly swerved from the right side of the street in front of the automobile; that such act was negligence on his part, but did not directly cause or directly contribute to cause the injury; that J. J. Scholtz incurred reasonable and necessary expenses in the treatment of the said Joseph Scholtz, as follows: Physician's services, $700; hospital charges, $75; and nurse's expenses, $100. That the sum of $5,000 would be reasonable compensation to Joseph Scholtz for his injuries; and that J. J. Scholtz was not entitled to any compensation for loss of services of Joseph Scholtz by reason of the injuries.

Upon the jury's verdict, the court rendered judgment against the appellants, jointly and severally, in favor of Joseph Scholtz by and through his next friend and father, for the sum of $5,000, and against appellants jointly and severally in favor of J. J. Scholtz for the sum of $875.

Upon their motion for a new trial being overruled, Mr. and Mrs. Stamper have perfected their appeal to this court.

Opinion.

Appellants present eight propositions upon which they base their appeal.

In substance, the contentions of appellants are: (1) That an instructed verdict in their favor should have been given; (2) that the court should have defined "independent cause"; that the court should have submitted special issues to the jury on the questions of whether Joseph Scholtz failed to propel his bicycle in a straight course, whether he attempted to pass the automobile on the right, and whether he was riding his bicycle close to the south curb of the street at the time of the collision; that the court should have granted a new trial on account of certain inflammatory remarks of appellee's counsel; and that the court erred in rendering a joint and several judgment against appellants.

Appellants' first proposition reads: "Where the evidence conclusively shows that appellant, Mrs. R. C. Stamper, and appellee Joseph Scholtz were each traveling in an easterly direction, one driving a car, and the other riding a bicycle, and traveling in a straight course, and where the evidence also shows that the accident in question could not have occurred except for appellee's action in turning in front of appellant's automobile, the evidence is insufficient to sustain any verdict against appellants and in favor of appellee, and it was the duty of a trial court to peremptorily instruct the jury to return a verdict for the appellants."

In order for us to sustain this proposition, it would be necessary for us to hold that, as a matter of law, under the facts of the case, appellee Joseph Scholtz swerved in front of the automobile, that such action on his part was negligence, and that such negligence proximately contributed to the injury.

Mrs. Stamper testified that, "My car hit this bicycle from behind, going the same direction; did not break the bicycle or burst the rear tire."

Eddie Morales testified: "Just how that accident happened; the lady was driving straight down and she looked toward the fire station and hit him; the two bicycles were right in front; they had been in front of her about a minute when she hit him."

Rudolf Aguilar testified: "I saw the wo-

man that was driving; she was looking at the fire station when she hit Joe; the boy was on his bicycle and to the side when she hit it; she had ridden behind him from the fire station when she hit him, about five or ten feet—about from here over there to the corner of the jury box; Joe was riding slow when she hit him. We were not zig-zagging. Joe was not out in front of her car. Joe did not cut in front of her car."

It can be seen from the above testimony that there was a conflict in the evidence on the question of whether appellee Joseph Scholtz swerved in front of the automobile, and thereby raising a question for the determination of the jury.

It was further a question for the jury to determine, if they found that he did swerve in front of the car, whether he was negligent in so doing under all the surrounding facts and circumstances.

It may at this point be noted that no proposition is carried forward in appellants' brief as to the sufficiency of the evidence to support the finding of the jury, in answer to question No. 12, that the act of Joseph Scholtz in suddenly swerving in front of the automobile did not directly cause or directly contribute to cause the accident.

In view of the fact that the judgment must be reversed for other reasons, we will not further discuss this proposition or the probative force of the evidence.

We think the evidence called for a submission of the case to the jury, and that the court's action in so doing was correct.

In their second proposition appellants contend that the court erred in failing to define the term "independent cause" in the charge on proximate cause. This proposition appears to be supported by the decision of the Commission of Appeals in the case of Robertson v. Holden et al., 1 S.W.(2d) 570.

In that case the trial court gave the following definition of "proximate cause": "Proximate cause is that cause which in a natural and continuous sequence, unbroken by any new independent cause, produces an event, and without which that event would not have occurred, and to be the proximate cause of an event it must have been reasonably anticipated by a person of ordinary prudence that the injury or some similar injury would occur; there may be more than one proximate cause of an event." And the defendant objected to the definition because it furnished no test or rule to guide the jury in determining what was a new independent cause such as will break sequence.

The Commission of Appeals in discussing the question on appeal said:

"We think, in view of the fact that the term 'new independent cause' has as well-defined meaning in law as the more common expressions 'ordinary care,' 'negligence,' 'proximate cause,' and the like, that it should have been explained or defined in the charge.

"It is the right of a party, upon properly presenting the matter, to have proper definitions and explanations of terms given. Hines v. Hodges (Tex. Civ. App.) 238 S. W. 349, writ refused; Davis v. Pettitt (Tex. Com. App.) 258 S. W. 1046; Northern Texas, etc., Co. v. Jenkins (Tex. Civ. App.) 266 S. W. 175; Owens v. Navarro, etc., District, 115 Tex. 263, 280 S. W. 532. * * *

"It is thus the rule that, whether the defect in the court's charge be an affirmative error or mere omission, a proper objection pointing out the defect is a sufficient predicate for reversal."

In the present case, appellants objected to the use of the words without defining them, and in accordance with the above-cited opinion, which was expressly approved by the Supreme Court, we must sustain their position.

Propositions 3, 4, and 5 are based upon assignments complaining of the court's action in refusing to submit certain requested special issues.

In the condition in which we find the record it will be impossible for us to intelligently pass upon these questions.

In the court's charge, as it appears in the transcript, there were twenty issues submitted to the jury, but in the verdict we find that the jury answered, besides the twenty issues contained in the charge, two special issues requested by appellants.

What these two issues were does not appear from the record; therefore we cannot say whether or not the matters contained in the requested issues which were refused were included in the requested issues which were submitted.

If the requested issues submitted presented the questions in the requested issues which were refused, then their refusal would present no error.

The propositions relating to the improper argument of counsel, in view of our decision to reverse the case, need not be discussed.

The record failing to show any participation of appellant R. C. Stamper in the negligence, if any, of Mrs. Stamper, the judgment should go no further than to hold his interest in the community liable for the damages. Article 4613, Revised Statutes 1925; Dickey v. Jackson (Tex. Civ. App.) 275 S. W. 310; Id. (Tex. Com. App.) 1 S.W.(2d) 577; Scott v. Brazile (Tex. Com. App.) 292 S. W. 185.

Because of the court's failure to define the term "independent cause" in the charge, the judgment must be reversed and the cause remanded, and it is so ordered.