**GEM JEWELRY COMPANY OF BEAU-MONT, INC., Appellant,**

v.

**C. H. NOLTE et ux., Appellees.**

No. 6288.

Court of Civil Appeals of Texas.

Beaumont.

March 3, 1960.

Rehearing Denied April 27, 1960.

King, Sharfstein & Rienstra, Beaumont, for appellant.

Strong, Moore, Pipkin, Strong & Nelson, Beaumont, for appellees.

McNEILL, Justice.

The Gem Jewelry Company of Beaumont, Inc., as plaintiff, instituted this suit in the district court of Jefferson County against C. H. Nolte and wife, Mrs. C. H. Nolte, as defendants.

The petition alleged that on or about December 15, 1952, plaintiff, at the instance and request of defendants, sold and delivered unto defendants one ladies platinum ring set with sundry diamonds, rubies and emeralds, for which said defendants agreed and obligated themselves to pay plaintiff the sum of $7,200; that said ring was specially made, designed and set with said diamonds, rubies and emeralds according to special instructions of defendants; that defendants have refused to pay said agreed price. It was also alleged that on April 15, 1954, the defendant C. H. Nolte entered plaintiff's place of business left the ring on the counter and stated the defendants would not pay for it, and the plaintiff now holds said ring for their account. Judgment was prayed for against defendants jointly and severally.

Defendants filed a general denial and pleaded specially that Mrs. Nolte at all material times was the wife of the defendant, C. H. Nolte, of which fact plaintiff well knew; that her disabilities of coverture had never been removed; that the alleged promises and undertakings were not for necessaries, nor were they for the benefit of the separate property of Mrs. Nolte and that she did not have the capacity to bind herself or defendant C. H. Nolte by any such promises, contracts or undertakings. Defendants pleaded as well that plaintiff agreed to take the ring back and that pursuant to such understanding the defendants returned the ring to plaintiff and any mutual agreement to purchase the ring was thereby rescinded.

The cause was tried by the court with a jury but on defendants' motion at the close of plaintiff's evidence the court instructed a verdict in favor of defendants. Plaintiff has appealed and the parties will be designated here as they were in the trial court.

In attempting to make out its case, plaintiff offered in evidence a series of purchases made by either the defendant Mrs. C. H. Nolte and/or their daughter, Mrs. L. H. Kotz. These various purchases were offered by the plaintiff to show a course of dealing whereby plaintiff sold numerous articles of jewelry to either the wife or daughter, charging same to the account of C. H. Nolte, all of which, except the disputed item in evidence, were paid for either by defendant Nolte in person or by his wife or daughter. The purchases began in September, 1952, and extended through April, 1953, during which time a total of some

$35,000, including the disputed item, were bought. These transactions were admitted in evidence for the purpose stated.

There was dispute in the evidence with reference to who purchased the ring sued for. Plaintiff's manager, Aaron Rose, testified that the ring was a custom built ring, that is, it was made up by the store in accordance with the special order of Mrs. L. H. Kotz. He later testified he was not certain whether Mrs. Kotz or Mrs. Nolte purchased the ring or whether the ring was delivered to one or the other, but the ring was charged to C. H. Nolte's account.

There was also offered in evidence a contract of purchase dated December 15, 1952, which appears to have been signed by Mrs. C. H. Nolte, and Mr. Nolte while on the stand stated that the signature thereto was that of his wife. The purchase contract reads, in part, as follows:

"Conditional Sale  Contract with title reservations

County of Jefferson, City of Beaumont, Texas
Date: December 15, 1952

I hereby acknowledge receipt of the delivery to me of:

1 Ladies Platinum Ring—Price $7,200.00 with diamonds, rubies & emeralds from the Gem Jewelry Co. for which I agree to pay to the order of Gem Jewelry Co. at Beaumont, Texas the sum of Seventy-two Hundred Dollars during the year, 1954 * * *.

Name: (Signed)
Mrs. C. H. Nolte * * *".

The introduction of this instrument was objected to by defendants for the reason that it was an attempt to show there was an agreement between Mrs. Nolte and the plaintiff for the purchase of the ring and for the reason that Mrs. Nolte, being a married woman, which fact was known by plaintiff, could not enter into a binding agreement to purchase an item which

was not a necessary. Counsel for plaintiff stated that he was offering it in rebuttal to defendants' contention that this ring was not purchased by Mrs. Nolte but was purchased by Mrs. Kotz. The court allowed the contract to be entered in evidence.

Plaintiff complains here that the court erred in instructing a verdict since there were disputed issues of fact which should have been submitted to the jury. Without specifying the points raised, we paraphrase them to say that plaintiff asserts that the trial court erred in failing to submit an issue of whether Mrs. L. H. Kotz bought said ring as the agent of defendant Nolte and in failing to submit an issue of whether Mrs. C. H. Nolte acted as agent for Mr. Nolte in the purchase of the ring.

■ The evidence did not raise an issue to go to the jury as to whether the daughter had authority as agent to bind the defendant C. H. Nolte for the purchase of the ring. When plaintiff attempted to show by this defendant that she had his approbation for the purchases made, objection was promptly made that there was no pleading of agency by Mrs. Kotz for defendants. Both parties have cited a number of cases on the question of necessity for pleading agency in connection with a transaction of this kind. There appears a conflict to some extent in the holdings of various Courts of Civil Appeals on the question when an act is charged in the pleading to have been done by a defendant, if it is attempted to be shown to have been done by his agent, whether it is necessary to have alleged such agency. We will not attempt to reconcile or discuss the cases cited. We are satisfied that the court properly sustained defendants' objection to the attempt to prove that the daughter, Mrs. L. H. Kotz, was an agent in the purchase of the ring so as to bind defendant C. H. Nolte. As shown above, there was no allegation in the pleadings that she was agent and there is no implication or intimation that would apprise the defendants of any

such contention, notice of which we think they were entitled to have. Lewis v. Hatton, 86 Tex. 533, 26 S.W. 50; 2 Tex.Jur. 634; 33 Tex.Jur. 660. In view of the exclusion of the proffered testimony for lack of pleading we think there was no issue to go to the jury involving any purchase on the part of Mrs. Kotz.

■ Attention is now directed to the point whether the evidence raised issues to go to the jury that Mrs. Nolte bought the ring and whether under authority of defendant C. H. Nolte. Mr. Nolte, being called as an adverse witness by plaintiff, testified that his wife got the ring from their daughter, Mrs. Kotz, some time after it was purchased and Mrs. Nolte gave him the ring to take back to the store. Then he was asked by counsel for plaintiff: "Q. And if she (Mrs. Nolte) did, in fact, buy this ring, for seventy two hundred dollars, from the Gem Jewelry Company, that was all right with you? A. She told me she didn't buy it. Q. I understand, but if she in fact did buy it—A. Anything she wants, that's her privilege. Q. And you would pay for it? A. Yes, sir." Again he testified:

"Q. That your daughter, Mrs. Kotz, during that period, had full authority from you to write checks on your account? A. For my farming business.

"Q. Well, and for your business in general, isn't that true? A. This here wouldn't be my business.

"Q. Whose business would it be? A. My wife's.

"Q. Well, when you saw this statement that's now in the hands of the jury, and saw all that money that had been paid Gem Jewelry, did you question your wife or daughter as to anything about they weren't supposed to be buying these articles? A. If they wanted them.

"Q. If they wanted them, it was all right with you? A. My wife, yes.

"Q. Anything your wife wanted, it was all right, and you would pay for it? A. That's right. * * *

"Q. Did you then ask your wife anything about what she was buying, or owing, at Gem Jewelry Company? A. That was her business.

"Q. And whatever she bought there was all right with you? A. That's right.

"Q. You would pay for it? A. That's right."

In view of this testimony, with the introduction of the purchase order or conditional sales contract above quoted from, we think plaintiff raised an issue of purchase of the item involved by Mrs. Nolte as agent of the defendant C. H. Nolte. Johnson v. Hays Furniture Co., Tex.Civ.App., 233 S.W.2d 934. The circumstances in evidence, along with the above quotations from Mr. Nolte's testimony, show unquestionably that he recognized her right and authority to purchase whatever she wanted at the store. There was no objection to his testimony above set out. We think the issues as to whether Mrs. Nolte purchased the ring and as agent of her husband should have, therefore, gone to the jury. Jackson v. Dickey, Tex.Com.App., 281 S.W. 1043; Johnson v. Hays Furniture Co., supra.

It is asserted in plaintiff's 7th point that there was sufficient evidence that defendants failed to accept plaintiff's offer to accept the return of the ring and plaintiff reasons therefrom that whether the attempt to return the ring was made within a reasonable time is an issue to be resolved by the jury. Since the evidence pertaining to this on a retrial may not be the same, we think it unnecessary to pass upon this point.

■ Appellee urges in a counterpoint that Mr. Nolte having given plaintiff a check dated 11–11–53 for $11,276.90 marked "In full" when the account was for this sum plus $7,200 the amount of the ring

involved here, that this was a bar to plaintiff's action. The evidence shows that the check was mailed to plaintiff accompanied by an unsigned handwritten letter which stated "If you want it (the ring) back, you can have it, or we will pay the insurance on it and pay for it next year." The evidence indicates Mr. Nolte only signed the check in blank and either his wife or daughter filled in the name of payee and the amount as well as adding "In full" on the corner of the check and the daughter took the check and wrote the letter, mailing both to plaintiff in the same envelope. Under the equivocal circumstances presented there was no accord and satisfaction as a matter of law justifying the instructed verdict.

Reversed and remanded.

### On Appellees' Motion for Rehearing

Appellees have filed an able and earnest motion and amended motion for rehearing herein. They urge that this court erred in holding that the evidence raised the issues: (1) whether Mrs. Nolte bought the ring, and (2) whether, if she bought the ring, she was acting as the agent or had authority of her husband to do so.

On the first issue: Appellees say "there is no proof that the ring was sold to Mrs. Nolte." The purchase contract quoted from in our original opinion recites: "I hereby acknowledge receipt of the delivery to me of: 1 Ladies Platinum Ring—price $7,200.00 * * * for which I agree to pay to the order of Gem Jewelry Co. at Beaumont, Texas the sum of Seventy-two Hundred Dollars during the year, 1954— (signed) Mrs. C. H. Nolte." If written words mean anything, the above would appear to raise the issue that Mrs. Nolte bought the ring.

On the second issue: Appellees say there is no evidence that Mrs. Nolte was authorized by Mr. Nolte to buy the ring; that his testimony quoted in the original opinion was not evidence to show he authorized her to purchase the ring *prior* to its purchase. We think the last two quotations of Mr. Nolte's testimony are susceptible to the construction that at or prior to the purchase of the ring his wife had his approval. In addition, it was shown that his wife and daughter had bought other articles of jewelry at the store of expensive nature, for part of which he personally had paid. Some time after the date of purchase of the ring involved, Mr. Nolte got an itemized statement of the account of the Gem Jewelry as he wanted to find out how much his wife and daughter were charging to him. When he received this statement he asked his wife if she had bought the ring in question and she told him she had not. He then deducted the price of the ring from the amount of the statement and signed the check of $11,276, otherwise "it wouldn't have been deducted." We think there is no question but that the issue of agency of Mrs. Nolte for her husband was raised. Though there is no direct proof that he gave her express authority beforehand, the conduct of the parties, the testimony and circumstances shown indicate he did so either expressly or impliedly. On this point Speer's Marital Right in Texas, 3rd Ed., p. 241, states: "And her agency for him may be shown by circumstances; for in the nature of things, it is but natural that he should authorize her impliedly, if not expressly, to make numerous contracts of purchase and otherwise, concerning the domestic affairs of the family." Also see 41 C.J.S. Husband and Wife §§ 65, 67, 68, pp. 537, 544, 545; 26 Am.Jur. 847.

The motion for rehearing is overruled.