GUNNELLS SAND COMPANY et al.,
Appellants,

v.

William WILHITE, Appellee.

No. 4337.

Court of Civil Appeals of Texas.

Waco.

March 18, 1965.

Rehearing Denied April 8, 1965.

Talbert, Giessel, Cutherell, Barnett & Stone, Houston, for appellants.

Brown, Kronzer, Abraham, Watkins & Steely, Houston, for appellee.

WILSON, Justice.

Defendants, owner and driver of a truck, ask reversal of an adverse judgment on a jury verdict in a personal injury action arising from a collision of the truck with a car owned by plaintiff, driven by another. Defendants' points are that they are entitled to judgment because the undisputed evidence shows the negligence of plaintiff's driver, found by the jury to be a proximate cause, is imputed to plaintiff who was riding in the front seat of his own car, because the driver was plaintiff's agent and they were engaged in a joint venture at the time of the collision. They complain of the overruling of motion for judgment on the verdict.

Plaintiff takes no issue with defendants' major premise that the evidence shows agency and joint venture. He answers that these matters are not a basis for a defendants' judgment because they were not pleaded by defendants, and were not tried by implied consent.

Defendants' pleading, besides a general denial and allegations of emergency and unavoidable accident, was: "The incident complained of in plaintiff's petition was caused by negligence and carelessness on the part of the plaintiff and the driver of the plaintiff's vehicle, and this was the sole cause." Plaintiff objected to evidence and made clear, emphatic and repeated objections to the charge on the grounds there was neither pleading of joint enterprise nor other pleaded basis for imputation to plaintiff of the driver's conduct.

Rule 45, Texas Rules of Civil Procedure, requires a defendant's pleading to consist "of a statement in plain and concise language" of his "grounds of defense", and provides that they shall be so construed as to do substantial justice. "Fair notice" by the allegations as a whole is the test for sufficiency of evidentiary pleading or conclusions excepted to. Rule 67 provides issues not raised by pleading may be tried by implied consent as if pleaded, and provides for amendment to cause pleadings to conform to evidence. Rule 94 requires that any matter "constituting an avoidance or affirmative defense" be "set forth affirmatively". Rules 67, 277 and 279 restrict jury issues to those raised by affirmative written pleadings.

Texas early rejected the English system of pleading and adopted that of the

Roman, or civil law as modified by Spanish and Mexican practice. From the Act of 1836, enacted by the first Congress of the Republic, through the Practice Act of 1846 and to the adoption of the present Rules, the general design and policy of the Texas system of pleading has been to require parties to "set forth in plain and intelligible manner the facts upon which they rely." Townes, Texas Pleading (2d ed.) pp. 71, 74, 84, 86; Fowler v. Poor, Dallam 401, 403; Coles v. Kelsey, 2 Tex. 542. As to pleadings under this system, said Justice Wheeler in Underwood v. Parrott, 2 Tex. 168, 179, if a party "must apprise the court orally of the facts intended to be relied on before he can insist upon the introduction of his evidence, why not put them in writing upon the record, not only for the information of the court, but to apprise the opposite party of the proofs he must be prepared to meet? This would seem more consistent with fairness and justice than to permit a party to assume mentally the basis of his proofs."

Rule 94, above, is derived from Rule 8(c), Federal Rules of Civil Procedure, unchanged. The latter Rule was construed and applied in Roth v. Swanson, 8 Cir., 1944, 145 F.2d 262, where defendant alleged, as here, that the sole cause of a collision was the negligence of the driver of the car occupied by the person injured. On appeal from an adverse jury verdict defendant urged, as here, that the collision was due to the driver's negligence, and that his negligence as their agent was imputable to plaintiff, who owned the car. The argument was based on an arrangement between two families to use alternately cars used in going to church services. The court held that "under the pleadings this question was not in the case. See Rule 8(c), Federal Rules of Civil Procedure."

In Lewis v. Hatton, 86 Tex. 533, 26 S.W. 50, it was pleaded that a tort was committed by a party to the suit, but the court admitted evidence it was committed by another person, his agent, a deputy. Chief Justice Stayton said the pleading "informed defendants that plaintiff based his action on their personal acts, and gave no intimation whatever of intention to hold either of them responsible for acts done by another person, for whose conduct they or either of them were responsible". This, it was held, was required to be alleged. "The object of pleading is to apprise the court and the opposite party of the facts", and "a party ought not to be permitted to prove what he has not averred."

Although the enumerated Rules have simplified and liberalized Texas pleading, this essential has not been abandoned. A pleading that an act was committed by a party will not support admission over objection of evidence it was done by another for whose conduct the party is charged to be responsible; and in our opinion that holding governs the unpleaded grounds of defense that the driver's negligence is imputable to plaintiff by reason of agency and their engaging in a joint venture. Gause-Ware Funeral Home v. McGinley (Tex. Civ.App., 1931), 41 S.W.2d 433, 434, writ ref.; Wittkower v. Dallas Ry. & Terminal Co., Tex.Civ.App., 73 S.W.2d 867, 871, writ ref.; Miller v. Pettigrew, Tex.Civ.App., 10 S.W.2d 168, 169, syls. 3 and 6; Gem Jewelry Company of Beaumont, Inc. v. Nolte, Tex.Civ.App., 335 S.W.2d 766, 769, writ ref., n. r. e. See Reid v. Associated Employers Lloyds, Tex.Civ.App., 164 S.W. 2d 584, 585, writ ref.; Salley v. Black, Sivalls & Bryson, Tex.Civ.App., 225 S.W.2d 426, 428, per Norvell, writ dism.; Thannisch Chevrolet Co. v. Kline, Tex.Civ.App., 134 S.W.2d 433, 435; Terrell v. Cockrell, Tex.Civ.App., 286 S.W.2d 950, writ ref. n. r. e.; 4 A.L.R.2d 292; 59 A.L.R.2d 273; 7 Tex.L.Rev. 344; 7 Tex.Jur.2d Sec. 310, p. 695; 2 McDonald, Texas Practice, Sec. 6.15, p. 566; Sec. 7.34, p. 673; 48 C.J.S. Joint Adventures § 16, p. 873. Contra: Bewley Mills v. Tinkle, Tex.Civ.App., 268 S.W. 966, no writ; Freeman v. Texas Bread Co., Tex.Civ.App., 111 S.W.2d 307, no writ, and cases cited. Affirmed.