## W.A. WILLIAMS CONSTRUCTION COMPANY, Appellant,

v.

## C.W. HUBBARD ELECTRIC COMPANY, Appellee.

### No. 09 82 020 CV.

Court of Appeals of Texas, Beaumont.

Sept. 8, 1983.

Lea Carol Eads, Houston, for appellant.

Lynwood Sanders, Orange, for appellee.

## OPINION

DIES, Chief Justice.

C.W. Hubbard Electric Company, as plaintiff below, sued W.A. Williams Construction Company, as defendant below, for debt—the balance of an account for electrical labor and supplies. The account and contract were attached to the petition and sworn to. Defendant answered, denying the debt and plead accord and satisfaction. Trial was to the court without a jury and the court rendered judgment for the plaintiff, from which defendant perfects this appeal to this Court.

Defendant's first two points, which it groups together, urge error in admitting certain exhibits because they are without support in the pleadings, and because "there is a fatal variance between the pleadings and the proof offered by such exhibits." Basically, plaintiff contends defendant waived its objection by not filing special exceptions to plaintiff's pleadings, and that, in the absence of such exceptions, pleadings are to be liberally construed, citing *Lubbock Mfg. Co. v. Perez*, 591 S.W.2d 907, 925 (Tex.Civ.App.—Waco 1979, no writ), and other cases.

We have no quarrel with this statement, and accept it as Texas law. However, Exhibits 2 thru 8, and 10 thru 20 were accounts plaintiff contended were due and owing, but were not sued on.[1]

As stated herein, plaintiff's suit was "for the balance of an account ... particularly set forth in the contracts and accounts attached." While some contracts, invoices and extra work orders were attached, none of those set out in the footnote were attached, and none of the "Extra Work Orders" were signed as approved by defendant at the place indicated on the printed

---

1. Exhibit 2. "Extra Work Order" dated June 30, 1978, for labor and material for electrical work to hook up water heater, $47.50.

Exhibit 3. "Extra Work Order", labor and material for extra electrical work to move conduit in slab, $976.25.

Exhibit 4. "Extra Work Order", Gulf States Utilities' charges for temporary electrical power, $310.35.

Exhibit 5. "Extra Work Order", labor and material for electrical work on the new K-Mart Pharmacy, etc., $1,441.00.

Exhibit 6. Bid from one "Robert A. Pruitt, Jr." to Williams Construction Corp. for electrical work, $1,441.00.

Exhibit 7. "Extra Work Order", labor and material for extra work on foundation for parking lot lighting, $1,333.00.

Exhibit 8. "Extra Work Order", credit on non-refundable contribution towards U.R.D. Service, etc., $43.54.

Exhibit 10. "Extra Work Order" for various electric work on "Gerland's Store, Orange, Texas", $6,949.59.

Exhibit 11. "Extra Work Order" in the Bakery-Deli and beverage alcove of Gerland's Food Store, Orange, $1,260.00.

Exhibit 12. "Extra Work Order", installation of hearters $365.00.

Exhibit 13. "Extra Work Order", wiring for moving pump on hydro lift, $238.60.

Exhibit 13a. Bid for electrical work, $566.00; $365.00; and $238.60.

Exhibit 14. "Extra Work Order", fixtures above bathrooms, $121.37.

Exhibit 15. "Extra Work Order", electrical work on refrigeration, $733.40.

Exhibit 16. "Extra Work Order", electrical work on old refrigeration, $1,628.22.

Exhibit 17. "Extra Work Order", electrical work on water heater, $95.44.

Exhibit 18. "Extra Work Order", Gulf States Utilities, charges for power used, $243.51.

Exhibit 19. "Extra Work Order", lighting fixtures, $329.50.

Exhibit 20. "Extra Work Order", termed in the body as a "bid" electrical work and installation, $4,829.00.

Exhibit 20a. Bid, $4,829.00, unsigned.

form. How then could defendant be apprised of plaintiff's contentions, satisfactorily to prepare its defense, if such it had? *See the following authorities: Cannan v. Varn,* 591 S.W.2d 583 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.); *Jay Fikes and Associates v. Walton,* 578 S.W.2d 885 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.); *State v. F & C Engineering Company,* 438 S.W.2d 647 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.); *Gunnells Sand Company v. Wilhite,* 389 S.W.2d 596 (Tex.Civ.App.—Waco 1965, writ ref'd n.r.e.); *Tex.R.Civ.P. 47, 67, and 301*; and 46 TEX.JUR.2d 163, Pleading § 270 (1963).

For the reasons stated, we reverse the judgment of the trial court and remand this case for a new trial.

Reverse and Remanded.